JACK WAYNE BURSACK,           )
                             )
        Plaintiff/Appellant,  )        Appeal No.
                             )        01-A-01-9710-CV-00555
v.                           )
                             )        Davidson Circuit
LAWRENCE D. WILSON,          )        No. 96C-3128
                             )
        Defendant/Appellee.   )
                             )

FILED

July 10, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE MARIETTA H. SHIPLEY, JUDGE




LIONEL R. BARRETT, JR.
Washington Square Two - Suite 418
222 Second Avenue, North
Nashville, Tennessee 37201
        ATTORNEY FOR PLAINTIFF/APPELLANT




G. KLINE PRESTON, IV
Washington Square Two - Suite 416
222 Second Avenue, North
Nashville, Tennessee 37201-1652
        ATTORNEY FOR DEFENDANT/APPELLEE




AFFIRMED AND REMANDED




WILLIAM B. CAIN, JUDGE

# OPINION

In this case plaintiff Jack Wayne Bursack sues defendant Lawrence D. Wilson for alleged professional negligence in legal representation of the plaintiff in prior litigation before the Circuit Court of Maury County, Tennessee.

In the Maury County litigation Rally Hill Productions, Inc. filed suit on January 30, 1992, against Jack Wayne Bursack and others alleging false representations and the submission of false financial statements by Bursack and others upon which Rally Hill reasonably relied. Defendant Lawrence D. Wilson answered and cross-claimed on behalf of Bursack.

When the Maury County case came on for trial on February 3, 1993, Bursack did not appear. From the record this strategy seems to have been based upon the result obtained in *Spilman v. Harvey*, 656 F.2d 224 (6th Cir. 1981), in which a petitioner was allowed to relitigate, in federal court, issues which had been previously determined in state court via default judgment. In the case at bar, default judgment was entered against Mr. Bursack and his co-defendant based upon a jury verdict finding fraud. Judgment was in the amount of $570,098.25 inclusive of $100,000.00 in punitive damages assessed by the jury.

On May 28, 1993, Bursack filed a petition for relief under Chapter 7 of the Federal Bankruptcy Code; and on August 30, 1993, Rally Hill instituted its action in the bankruptcy court to determine the dischargeability of the $570,098.25 judgment. The bankruptcy court granted summary judgment in favor of Rally Hill, holding that the Maury County judgment was not dischargeable in bankruptcy. Bursack appealed first to the United States District Court of the Middle District of Tennessee, *In Re Bursack*, 163 Bank. 302, (Bankr.M.D.Tenn.1994), and then to the Sixth Circuit Court of Appeals, *In Re Bursack*, 65 F.2d 51 (6th Cir.1995), with both of these courts holding that the Maury County judgment on the issue of fraud had preclusive effect in the Federal Bankruptcy Court and the Maury County judgment was thus nondischargeable.

The decision of the United States Sixth Circuit Court of Appeals was

issued August 25, 1995, and the complaint in the case at bar in the Circuit Court of Davidson County was filed on Monday, August 26, 1996.

Defendant's motion to dismiss based upon the expiration of the statute of limitations was denied on November 19, 1996.

After further proceedings, the Circuit Court for Davidson County, Tennessee on May 28, 1997, granted summary judgment for defendant Lawrence D. Wilson and plaintiff appealed.

The case is before us on review of an order granting summary judgment. As such, it must be determined according to the familiar principles set forth in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993); and *Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975). We must view the evidence taking the strongest legitimate view in favor of the nonmoving party, allowing all reasonable inferences from the evidence in his favor, and discarding all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993). By viewing the evidence in this way, we must determine that no dispute exists as to any material fact.

> Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. he is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Evco Corp. v. Ross*, 528 S.W.2d 20, 24 (Tenn.1975).

The court of appeals on appeal from summary judgment by the trial court is bound by the same rules. *Gray v. Amos*, 869 S.W.2d 925 (Tenn. App. 1993).

The only issue presented for review by the appellant asserts:

> Whether the trial court erred in granting the defendant's motion for summary judgment since there was a genuine issue of material fact as to the advice given to the plaintiff Jack Bursack to allow a summary judgment (default?) to be

entered against him in the underlying civil action in Maury County, Tennessee.

The resolution of this issue depends upon whether or not expert testimony on behalf of the plaintiff was required.

In the trial court the defendant, being an attorney, offered his own affidavit as an expert that his conduct in the Maury County litigation complied with the applicable standard of care. The plaintiff in response filed no affidavit from an expert.

It is settled that: "In Tennessee, expert testimony is required to establish negligence and proximate cause in malpractice actions unless the alleged malpractice is within the common knowledge of laymen." *Ayers v. Rutherford Hospital, Inc.*, 689 S.W.2d 155, 160 (Tenn. App. 1984).

While the *Ayers* case dealt with medical malpractice, the same requirements as to expert testimony are applicable in legal malpractice actions. *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986).

The plaintiff in this case thus cannot prevail without expert testimony unless ". . . the alleged malpractice is within the common knowledge of laymen."

The complaint alleges in part:

11. The plaintiff Bursack avers that the defendant Wilson advised him not to appear to defend at the Maury County, Tennessee state court action since it was deemed that his appearance would be useless and that it was a foregone conclusion that he was going to lose that litigation.

12. Plaintiff further avers that the defendant attorney Wilson felt that in his view that there existed a close friendship between the attorney for Rally Hill and the judge trying the case would make it virtually impossible for Bursack to receive a fair hearing in Maury County, Tennessee.

13. The plaintiff Bursack relied upon this decision of his counsel, although Bursack was willing and able and wished to appear to litigate the issues, particularly of fraud and the false financial statements.

14. The plaintiff Bursack further avers that had he appeared and litigated this matter that the probabilities were high that a judgment would have been returned in his favor and he would not be looking at the $570,098.25 judgment, along with interest, that has now been placed against him.

15. The plaintiff Jack Bursack further avers that the defendant Wilson failed to properly consider the issue of collateral estoppel on the fault issue and how it would impact upon the Plaintiff Bursack.

16. The plaintiff relies upon the decision of the United States Court of Appeals for the Sixth Circuit, which has been attached as an exhibit hereto, to show that the defendant Wilson should have foreseen that the issue of collateral estoppel would have barred re-litigation in federal court on this issue that had been raised and litigated in State court.

17. The plaintiff Bursack further avers that by allowing this default judgment to be taken that it was conclusive by way of estoppel to all issues, including the fraud, and foredoomed his case from that point on, even though federal appeals were taken and litigated.

In his affidavit of April 21, 1997, in opposition to the motion for summary judgment previously filed by the defendant, Mr. Bursack states in part:

> I do not know whether I could have prevailed had I gone to trial in Maury County, but I certainly feel that I received bad advice when I voluntarily allowed a fraud judgment to go down against me. I have been involved in law enforcement and have always been an honest citizen, and I never would have voluntarily walked away from a court proceedings if I had known that I was going to be found guilty of fraud. My personal integrity and honesty are very important to me and, while I feel that malpractice was also committed by Mr. Wilson in telling me that I could simply re-litigate this in the appellate and bankruptcy courts, that slightly more important to me is the issue of a fraud judgment being obtained against me. There is no question but that the bankruptcy court and the appellate court rejected Mr. Wilson's interpretation of the law, both upon this point and the allowing of a fraud judgment to be entered against me I feel that I should prevail in this particular law suit.

The only question before this court in this aspect of the case is whether or not expert testimony on behalf of the plaintiff was required as a matter of law. Clearly it was and in the absence of such expert testimony the trial court properly granted summary judgment. Even if we view this affidavit as a claim that Mr.

Wilson did not properly inform appellant of the effect of a default judgment, Mr. Bursack must produce expert testimony to overcome a motion for summary judgment.

The complaint of the plaintiff questions tactical decisions made in the Maury County litigation to allow default judgment to be entered against Bursack in a complaint alleging fraudulent practices by Bursack. Plaintiff relies on the opinion of the Sixth Circuit Court of Appeals in *In re: Bursack*, 65 F.3d 51. This is the reported decision of the Sixth Circuit Court of Appeals in affirming the preclusive effect in collateral estoppel of the Maury County judgment against Bursack.

*In re: Bursack*, far from supporting the plaintiff on the question of the necessity of expert testimony in this cause, clearly dooms the plaintiff on this issue.

Said the court in *Bursack*:

Our inquiry is somewhat complicated by the discussion in *Spilman v. Harley, supra*, of collateral estoppel in the context of a bankruptcy proceeding. There, a panel of this court held that "[c]ollateral estoppel requires that the precise issue raised in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and the determination was necessary to the outcome." *Spilman*, 656 F.2d at 228. The opinion went on to say that "[i]f the important issues were not actually litigated in the prior proceeding, *as is the case with a default judgment*, then collateral estoppel does not bar relitigation in the bankruptcy court." *Id.* (emphasis added). Thus, *Spilman*, at least arguably, created a bright-line rule that default judgments can never have preclusive effect in bankruptcy proceedings regardless of their treatment under relevant state law.

*Spilman* did not, however, explain why an exception to § 1738 should apply in this context. Thus, its continuing relevance is questionable in light of the later Supreme Court cases dealing with full faith and credit. Indeed, there exists a split in the bankruptcy courts of this circuit on the issue of whether these cases have abrogated *Spilman's* rule about the effect of default judgments. *Compare, e.g., Harris v. Byard (In re Byard),* 47 B.R. 700, 704-05 (Bankr. M.D. Tenn. 1985) (*Spilman* rule no longer controls) *with Ferguson v. Hall (In re Hall)*, 95 B.R. 553, 558 (Bankr. E.D. Tenn. 1989)

> (*Spilman* rule still applies); *see also Bay Area Factors v. Calvert (In re Calvert)*, 177 B.R. 583, 585-86 (Bankr. W.D. Tenn. 1995) (collecting cases on both sides of the issue).

*In re: Bursack*, 65 F.3d 51, 54 (6th Cir., 1995).

No amount of lay testimony can suffice in this malpractice case criticizing the tactical decision to allow a default judgment to be entered in Maury County in the hope thereby of being able to re-litigate the collateral estoppel issue in a bankruptcy proceeding. In light of the above authorities, the task of judging *Spilman,* and indeed judging the split of authority within the Sixth Circuit as to the preclusive effect of default judgment in a state court on collateral estoppel issues, lies not within the realm of lay knowledge but rather mandates expert evidence.

Thus it is that the sole issue on the merits of this case requires expert testimony on behalf of the plaintiff and none appearing in the record, the defendant was entitled to summary judgment, under the standards set forth in *Evco Corp.* and *Byrd*, supra.

Defendant claims that the trial court erred in denying his motion to dismiss the case under rule 12.02 of the Tennessee Rules of Civil Procedure based upon the expiration of the statute of limitations. In light of the court's order regarding the motion on other grounds, addressing that denial is unnecessary here.

The appellee/defendant seeks costs and attorney's fees on the basis that this appeal is frivolous under Tennessee Code Annotated section 27-1-122. The application is well taken. The need for expert testimony in a legal malpractice case has been well settled in Tennessee for a number of years. Indeed the necessity for such was known by the plaintiff on April 24, 1997 as on that date the plaintiff sought a continuance of a hearing on the motion for summary judgment stating "the plaintiff seeks to secure a counter-affidavit from another attorney and, accordingly, moves that the hearing on the motion for summary

judgment be continued for approximately two weeks . . . ."

The order of the trial court granting this motion was entered on May 1, 1997 holding, in part, as follows:

> The court was of the opinion that the expert-affidavit of the defendant necessitates a counter-expert affidavit by the plaintiff in order for the plaintiff to go forward with this cause of action and accordingly should afford the plaintiff a reasonable amount of time to produce such counter-affidavit before ruling upon this motion for summary judgment.

> It is therefore accordingly ordered, adjudged and decreed that:

> 1.      The hearing of the motion for summary judgment is hereby continued until the 23rd day of May, 1997 at 9:00 a.m.
> 2.      The plaintiff shall file his counter-affidavit with the clerk of the court before 4:30 p.m. on the 19th of May 1997 or this motion for summary judgment will be granted.

The only affidavit thereafter filed was that of the plaintiff himself, filed on May 19, 1997.

On May 20, 1997 the trial judge sustained the motion for summary judgment.

This appeal had no reasonable chance of success and is frivolous under principles set down in *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 (Tenn. 1977); *Liberty Mut. Ins. Co. v. Taylor*, 590 S.W.2d 920 (Tenn. 1979) and *Wilson v. Ricciardi*, 778 S.W.2d 450 (Tenn. App. 1989).

The action of the trial court in granting summary judgment to the defendant is affirmed and the case is remanded to the trial court for assessment of costs and attorney's fees in favor of the defendant under Tennessee Code Annotated section 27-1-122.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE