IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 14, 2003

## MARC D. EMMERICK v. MOUNTAIN VALLEY CHAPEL BUSINESS TRUST, ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 00-582-IV     O. Duane Slone, Judge**

 **FILED MARCH 31, 2003** 

**No. E2002-01453-COA-R3-CV**

The trial court dismissed the complaint of Marc D. Emmerick ("the plaintiff") and awarded one of the defendants, Mountain Valley Chapel Business Trust, a judgment on its counterclaim against the plaintiff for $1,416. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Marc D. Emmerick, Sevierville, Tennessee, Pro Se.

Brian T. Mansfield, Sevierville, Tennessee, for the appellees, Mountain Valley Chapel Business Trust, Mountain Valley Chapel, and Gerald H. Lucas.

**MEMORANDUM OPINION**

The trial court entered its judgment following a bench trial. The plaintiff raises eight issues. He contends that the trial court erred in denying his request for a jury trial, in granting continuances to the defendants, in failing to grant him a default judgment, in certain evidentiary rulings, in failing to award him a judgment, and in holding that Mountain Valley Chapel Business Trust was entitled to a judgment against him. We do not have a transcript or statement of the evidence with respect to the hearing(s) in this case. The record we do have consists of the original complaint, the defendants' answer, the counterclaim of Mountain Valley Chapel Business Trust, the answer to the counterclaim, the plaintiff's memorandum, an order setting this matter for hearing and addressing the subject of discovery, the trial court's judgment, and the plaintiff's notice of appeal, appeal bond and uniform civil affidavit of indigency.

There is nothing in the sparse record before us to substantiate any of the positions asserted by the plaintiff.  Furthermore, in the absence of a transcript or statement of the evidence pertaining to the hearing(s) below, we are required to presume that the trial court's factual determinations underpinning its legal conclusions are correct.  *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).  There is absolutely nothing before us that would justify a reversal or modification of the judgment below.  *See* Tenn. R. App. P. 36(b).

The defendants claim that this appeal is frivolous, relying upon the provisions of Tenn. Code Ann. § 27-1-122 (2000).  We agree.  An appeal is deemed frivolous  if it is devoid of merit or if it has no reasonable chance of success.  *Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998); *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).  Without a transcript or statement of the evidence, this appeal had no chance of success.

Accordingly, the judgment of the trial court is affirmed pursuant to the provisions of Tenn. Ct. App. P. 10.[1]  Costs on appeal are taxed to Marc D. Emmerick.  This matter is remanded to the trial court for a determination as to the expenses due pursuant to the provisions of Tenn. Code Ann. § 27-1-122.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.