# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 6, 2004

## DENNIS LEE BEEDLE v. STEPHANIE J. BEEDLE

Appeal from the General Sessions Court for White County
No. CV5436    Sammie E. Benningfield, Jr., Judge

---

No. M2003-00755-COA-R3-CV - **Filed January 27, 2004**

---

In this divorce appeal the Husband challenges the distribution of the only significant marital asset, the Husband's retirement benefit. The trial court divided that benefit by ordering the Husband to pay $530.82 of each monthly payment to the Wife. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court
Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., MS., and PATRICIA J. COTTRELL, J., joined.

J. Hilton Conger, Smithville, Tennessee, for the appellant, Dennis Lee Beedle.

Shawn McBrien, Lebanon, Tennessee, for the appellee, Stephanie J. Beedle.

## MEMORANDUM OPINION[1]

This divorce appeal concerns the division of the only significant marital property, the husband's retirement benefit. Husband Dennis Beedle worked for GM for 31 years. He worked for seventeen of those years during the marriage. At the time the parties were divorced by decree of the White County General Sessions Court, Mr. Beedle had received five years of his retirement benefit. The trial court chose not to assess the Wife's share of the retirement by its "present day value" using the mortality tables. Instead, the court simply determined that seventeen years was 54% of thirty-one years, divided the full monthly pension benefit of $1966.00 by 54%, then divided the resulting

---

[1] Court of Appeals Rule 10(b):

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

$1061.64 by two and ordered the husband to pay $530.82 out of his $1966.00 net monthly retirement receipts to the Wife for the remainder of the benefit period.

The Husband does not and cannot dispute the trial court's classification of the vested retirement benefit as marital property. *See* Tenn.Code Ann. § 36-4-121(b). The only issue the Husband takes with the decision is whether the trial court erred in ordering the periodic monthly payment to be distributed to the Wife rather than determining the present cash value. Husband urges on appeal that the present cash value award could be distributed pursuant to a qualified domestic relations order. The starting point to any appellate review of the trial court's choices of valuation and distribution of marital property is the recognition that such decisions rest within that court's sound discretion. *See Cohen v. Cohen*, 937 S.W.2d 823, 831 (Tenn.1996); Tenn.Code Ann. § 36-4-121(a)(2); *see also Kendrick v. Kendrick*, 902 S.W.2d 918, 929 (Tenn.Ct.App.1990).

Contrary to Appellant's argument, none of the authorities cited by the Husband "require" either the "present value" or "retained jurisdiction" method of distribution of marital property. Our Supreme Court's discussion in *Cohen* relates only to two options courts have used as appropriate under the equities of each case:

> Most courts use one of two techniques. *In re Marriage of Brown*, 126 Cal.Rptr. at 638, 544 P.2d at 566; *In re Marriage of Gallo*, 752 P.2d at 54; *Janssen v. Janssen*, 331 N.W.2d at 755. The first approach, known as the present cash value method, requires the trial court to place a present value on the retirement benefit as of the date of the final decree. *Kendrick v. Kendrick*, 902 S.W.2d at 927. To determine the present cash value, the anticipated number of months the employee spouse will collect the benefits (based on life expectancy) is multiplied by the current retirement benefit payable under the plan. *In re Marriage of Gallo*, 752 P.2d at 54. This gross benefit figure is then discounted to present value allowing for various factors such as mortality, interest, inflation, and any applicable taxes. *Id. See also In re Marriage of Grubb*, 745 P.2d at 666; *In re Marriage of Hunt*, 78 Ill.App.3d 653, 34 Ill.Dec. 55, 63, 397 N.E.2d 511, 519 (1979); *Deering v. Deering*, 437 A.2d at 891. Once the present cash value is calculated, the court may award the retirement benefits to the employee-spouse and offset that award by distributing to the other spouse some portion of the marital estate that is equivalent to the spouse's share of the retirement interest. *In re Marriage of Gallo*, 752 P.2d at 54. The present cash value method is preferable if the employee-spouse's retirement benefits can be accurately valued, if retirement is likely to occur in the near future, and if the marital estate includes sufficient assets to offset the award. *Kendrick v. Kendrick*, 902 S.W.2d at 927; *In re Marriage of Gallo*, 752 P.2d at 54.

*Cohen*, 937 S.W.2d at 831.

The "retained jurisdiction" method of distribution is precisely the method chosen by the trial judge in this case. Under such method "the marital property interest is often expressed as a fraction

or a percentage of the employee spouses' monthly benefit. The percentage may be derived by dividing the number of months of the marriage during which the benefits accrued by the total number of months during which the retirement benefits accumulate." *Cohen*, 937 S.W.2d 823, 831 (Tenn.1996).

As further guidance, the court in *Cohen* provided the following discussion:

> The choice of valuation method remains within the sound discretion of the trial court to determine after consideration of all relevant factors and circumstances. While the parties are entitled to an equitable division of their marital property, that division need not be mathematically precise. *Kendrick v. Kendrick*, 902 S.W.2d at 929; *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn.App.1990).

*Cohen*, 937 S.W.2d at 831-32.

With regard to the GM pension at issue, the trial court entered the following specific factual finding:

> The Court further finds that based upon the statutory law, case law and marital assets, that the Court must divide the GM pension. The Husband worked 31 years at General Motors, 14 years prior to this marriage and 17 years during this marriage. The Husband has been retired for 5 years and receives $1,966.00 net pension benefits per month. The Court finds that 54% of the Husband's pension accrued during the marriage is marital property. The Court further finds that the Wife is entitled to ½ of the accrued benefits in the amount of $530.82 per month. Wife shall receive $530.82 per month from Husband on August 1, 2002 and the 1st of each month until the QUADRO is in effect. The Wife shall remain as the Survivor of Benefits under the Husband's pension permanently.

Husband has presented no Transcript of the Evidence nor has he presented a Rule 24c Statement of the Evidence. The Husband urges that the trial court somehow erred by not applying the "present-day" valuation and distributing the marital estate over time. In the face of overwhelming statutory authority vesting trial courts with broad discretion in valuation and distribution of the marital estate based on the equities of each case, and in the absence of a record showing an abuse of that discretion, this Court is constrained to affirm the judgment of the trial court in all respects.

As a result of the clear authority contrary to the Husband's argument on appeal and the lack of any showing of an abuse of the trial court's discretion, this Court finds the appeal to be frivolous within the meaning of Tennessee Code Annotated section 27-1-122. *See Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn.Ct.App.1998). The order of the trial court is affirmed in all respects. All costs are assessed to Appellant. This cause is remanded to the trial court for the assessment of attorney's fees and such other proceedings as may be necessary.

_____
WILLIAM B. CAIN, JUDGE