**Wayne JOINER, Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 03–5553.

United States Court of Appeals, Sixth Circuit.

March 15, 2004.

Wayne Joiner, Hendersonville, TN, pro se.

Robert C. Watson, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Defendants–Appellees.

Before MARTIN, CLAY, and CUDAHY,* Circuit Judges.

*ORDER*

Wayne Joiner, a Tennessee resident proceeding pro se, appeals a district court order dismissing his civil action filed under the Federal Tort Claims Act ("FTCA"), 28

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

U.S.C. §§ 1346(b), 2401(b), and 2671–2680. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Joiner filed this civil action seeking to recover compensatory and punitive damages from the Veterans Administration Medical Center ("VAMC"), Roland Moore, the Chief Director of the VAMC, and Dr. David Grossklaus, a physician at the VAMC. Joiner entitled his complaint a "petition for pain and sufferings, medical negligence, medical mistakes, malpractice & violations of veterans lawful rights, but not limited to these alone." The defendants filed a motion for summary judgment and Joiner responded. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted in favor of the defendants. The district court adopted the report and recommendation over Joiner's objections. This appeal followed.

We review the district court's grant of summary judgment de novo. *See EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir.1999); *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Northwest Airlines*, 188 F.3d at 701 (quoting Fed.R.Civ.P. 56(c)). The party opposing a motion for summary judgment " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank v. Cities*

*Serv. Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

Tennessee law governs this action brought under the FTCA because the alleged act of negligence took place in Tennessee. *See Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir.1989). In Tennessee, in order to prevail in a medical malpractice action, a plaintiff must sustain his burden of showing the recognized standard of acceptable practice, that the defendant did not comply with this standard, and that the defendant's actions were the proximate cause of the plaintiff's injuries. Tenn. Code Ann. § 29–26–115. Generally, this burden can only be established by expert testimony. *See Moon v. St. Thomas Hosp.*, 983 S.W.2d 225, 229 (Tenn.1998); *Bowman v. Henard*, 547 S.W.2d 527, 530–31 (Tenn.1977). Only in unusual cases in which the alleged act of malpractice lies within the common knowledge of a layman is expert testimony unnecessary. *See Bursack v. Wilson*, 982 S.W.2d 341, 343 (Tenn.Ct.App.1998).

Upon review, we conclude that the district court properly granted summary judgment for the defendants. Joiner failed to offer the necessary expert testimony to rebut the defendants' expert opinion that the alleged misconduct did not violate the recognized standard of acceptable professional practice in the community. *See Moon*, 983 S.W.2d at 225.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit