IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2005 Session

## LESLEY LAPOINTE WALKER v. KENNETH WAYNE WALKER

**Appeal from the Circuit Court for Davidson County**
**No. 01D-807      Muriel Robinson, Judge**

---

**No. M2004-00159-COA-R3-CV - Filed June 20, 2005**

---

Appellant was held in criminal contempt of court for failure to pay alimony.  We affirm the action of the trial court and find the appeal to be frivolous.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Robin McKinney, Jr., Nashville, Tennessee, for Appellant, Kenneth Wayne Walker.

D.Scott Parsley, Nashville, Tennessee, for Appellee, Lesley LaPointe Walker.

## OPINION

This case involves an extensive series of post-divorce proceedings relative to alimony.  The Final Decree of Divorce was entered on November 8, 2001, providing, among other things, that Mr. Walker would pay to Mrs. Walker the sum of $2,000 per month in alimony until death or remarriage.  No appeal was taken from this judgment, and exactly one year later on November 8, 2002, following a hearing, Mr. Walker was found to be in criminal contempt of court for failure to pay his alimony in the months of July, August, September, October and November 2002, and was sentenced to five separate terms of 10 days each totaling 50 days in the Metropolitan Davidson County Jail.  The court further found that he was voluntarily underemployed and rendered a judgment against Mr. Walker for $10,000 representing the unpaid alimony.

His incarceration was stayed pending appeal which he timely perfected.  On January 28, 2005, this Court entered its judgment affirming the trial court's finding of voluntary unemployment and affirming his contempt convictions for July and August 2002.  His convictions for contempt of September, October and November 2002 were vacated for lack of adequate notice.  The case was remanded to the trial court for further proceedings.

While the case involving July, August, September, October and November of 2002 was on appeal to this Court, extensive further proceedings occurred in the trial court. On December 3, 2002, Ms. Walker filed a Petition for Willful Criminal Contempt alleging Mr. Walker's failure to pay alimony in December 2002 in the amount of $2,000. Filed with this Petition was a notice to Mr. Walker providing:

1. That you are hereby charged with CRIMINAL CONTEMPT pursuant to T.C.A. §29-9-101, et seq.

2. As said charge is in the nature of the criminal contempt, you have certain constitutional rights and said Plaintiff hereby gives notice of those rights:

(a) You have the right to be represented by counsel and if you are unable to afford one, counsel shall be appointed for you.

(b) You have the right to have guilt proven against you beyond a reasonable doubt with the burden of proof being on the Plaintiff.

(c) You have the right against self-incrimination, which includes the right to remain silent as to the allegations of criminal contempt filed against you.

(d) You have the right to a presumption of innocence until such time as the allegations of guilt are proven beyond a reasonable doubt.

(e) You have all other rights afforded to any other individual charged with violation of a criminal statute.

3. This information is to serve as notice to the Respondent of his constitutional rights in compliance with the case law of the State of Tennessee regarding criminal contempt.

On December 19, 2002, Ms. Walker filed a motion to set for hearing a previous motion to alter or amend the Final Divorce Decree pursuant to Tennessee Rule of Civil Procedure 60 relative to monies received by Mr. Walker from his 401(k) account. On January 13, 2003, Ms. Walker filed a petition for criminal contempt for failure to pay alimony in the amount of $2,000 in January 2003 together with the same notice to Mr. Walker as had been filed with the previous contempt petition. On February 4, 2003, Ms. Walker filed a similar criminal contempt petition relative to failure to pay alimony in the amount of $2,000 for February of 2003 accompanied by the same notice of criminal contempt to Mr. Walker. On February 21, 2003, following a February 12 hearing, the trial court entered an order relative to the Rule 60 Motion providing:

1. The Court finds that the Rule 60 Motion is properly filed and properly before this Court. The Court finds that Mr. Walker, as has been his custom and

habit, was deceptive at the trial and misled this court as relates to the existence of the 401-K/Profit Sharing Account.

2.     The Court finds once again, as it has previously, that Mr. Walker is not a credible witness. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Lesley Lapointe Walker is hereby awarded a judgment against Kenneth Wayne Walker, in the amount of $10,457.33 as her share of the 401-K/Pension Plan which was liquidated by Mr. Walker and received by him on or about May 10, 2002.

3.     The Court finds that it is proper to set payments on this judgment to be paid by Mr. Walker to Ms. Walker. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Mr. Walker shall pay directly to Ms. Walker the sum of $250.00 per month on the above-referenced judgment, beginning March 1, 2003, and the 1st of each and every month until the same is liquidated.

4.     It is further **ORDERED** that this judgment shall accumulate interest at 10% interest pursuant to statute upon this Order becoming thirty (30) days old.

5.     The Court further finds that this is a division of marital property.

On March 4, 2003, Ms. Walker filed a criminal contempt petition alleging failure to pay alimony for March 2003 in the amount of $2,000. This petition was accompanied by the same notice of criminal contempt to Mr. Walker as was previously filed with the other contempt petitions. On March 12, 2003, the parties reached an agreement relative to the pending petitions for contempt, and all pending petitions for contempt were dismissed by order of the court. On April 3, 2003, Ms. Walker filed a petition for criminal contempt relative to alleged failure of Mr. Walker to pay alimony for April 2003 in the amount of $2,000. This petition was accompanied by the same notice of criminal contempt to Mr. Walker as had been filed in previous petitions for contempt. On April 17, 2003, Ms. Walker filed a petition for contempt charging Mr. Walker with violation of a restraining order previously entered relative to abusing and harassing her. This petition further charged Mr. Walker with criminal contempt for failure to pay the $250 per month relative to the 401-K Pension Plan as had been ordered by the court on February 12, 2003. It was alleged that he had failed to pay the payments due March 1 and April 1 of 2003 in the amount of $250 each. This contempt petition was accompanied by the same notice as had previously been forwarded to Mr. Walker with the other contempt petitions. On May 14, 2003, Ms. Walker filed a criminal contempt petition relative to the alleged failure to pay the May 2003 alimony in the amount of $2,000. This petition was accompanied by the same notice as had been forwarded to Mr. Walker with the previous criminal contempt petitions. By order of May 19, 2003, the Honorable J. Robin McKinney, Jr. was allowed to withdraw as attorney for Mr. Walker.

On May 29, 2003, pending contempt petitions were to be heard before the trial court, but on that day the mother of Mr. Walker appeared to inform the court that he had checked himself into the Middle Tennessee Mental Health Institute on the previous day. The case was reset for June 5, 2003.

On June 27, 2003, another petition for willful criminal contempt was filed for the alleged failure of Mr. Walker to pay alimony for June 2003 in the amount of $2,000. It was further alleged in this petition that Mr. Walker had failed to pay the June 2003 payment relative to the 401-K/Pension Plan and was in criminal contempt for such failure. The same notice as was filed with previous criminal contempt petitions was forwarded to Mr. Walker.

On June 26, 2003, the court conducted a hearing as to the criminal contempt petitions filed by Ms. Walker on May 14 and April 17. The court entered its order on July 14, 2003. The order contained the following provisions:

1.      It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Defendant Kenneth Wayne Walker is hereby found guilty of criminal contempt for failure to pay alimony on April 1, 2003, May1, 2003, in the amount of $2,000.00 each month, failure to make his $250.00 payment on the arrearage on March 1, 2003, April 1, 2003, May 1, 2003, and his violation of the Court's Restraining Order by going around Ms. Walker's person and further causing damage to her automobile.

2.      It is **ORDERED, ADJUDGED AND DECREED** that Lesley LaPointe Walker is awarded a judgment in the amount of $4,750.00 which amount is reduced to judgment, for which let execution if necessary. This judgment is comprised of the following:

| | |
|---|---|
| April 2003 Alimony | $2,000.00 |
| May 2003 Alimony | 2,000.00 |
| March 2003 Arrearage Payment | 250.00 |
| April 2003 Arrearage Payment | 250.00 |
| May 2003 Arrearage Payment | 250.00 |
| | $4,750.00 |

3.      The Court, after considering all relevant factors, finds that Defendant is in willful criminal contempt of this Court's Order for the above violations. However, the Court will sentence Mr. Walker to forty (40) days, day for day, incarceration in the Metropolitan Davidson County Jail for his criminal contempt.

4.      The Court makes the following findings of facts: The Court finds that Mr. Walker has set upon a course of conduct from day one in this court not to pay alimony or the amount he owes for the 401K division. The Court further will make a finding once again that Mr. Walker is not credible witness. The Court finds that Mr. Walker is a violent person. Further, that he is a clear and present danger to Ms. Walker. The Court has further admonished Mr. Walker that he still is under this Court's Restraining Order. Further, this Court makes the finding that Mr. Walker has a volatile and violent temper. This Court further finds that it shall entertain counsel's request for attorney's fees, finding that the same had been held in abeyance pending

Mr. Walker making his alimony payments pursuant to the previous petitions for contempt that Ms. Walker had filed. It appearing to the Court, after a review of the application for fees submitted in this matter, that the following award is appropriate. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that D. Scott Parsley is awarded [an] attorney's fees in the amount of <u>$2,500.00</u>, against Kenneth Wayne Walker, which amount is awarded as additional support necessary for the wife in the bringing of the previous petitions for contempt and those encompassed in this Order, which amount is reduced to judgment, for which let execution issue, if necessary.

The certificate of service on this Order indicates that Mr. Walker was represented by attorney Matthew Mayo.

On July 21, 2003, Ms. Walker filed an amended Petition for Contempt reciting that her petition of June 27, 2003, had not been served and then asserting that Mr. Walker was in criminal contempt for failure to pay the June 2003 and the July 2003 alimony payments in the amount of $2,000 each. It was further alleged that he was in criminal contempt for failure to pay the June and July payments of $250 each relative to the 401(k) plan as required by the court's Order of February 21, 2003. This Petition was accompanied by the same notice to Mr. Walker as had been provided in previous criminal contempt petitions.

On September 22, 2003, Ms. Walker filed another criminal contempt petition alleging the failure of Mr. Walker to pay the alimony payments due August and September of 2003 and further alleging his failure to pay the August and September payments of $250 each relative to the 401(k) plan. This petition was accompanied by the same notice of criminal contempt as had previously been filed with other petitions.

On November 12, 2003, Ms. Walker filed a criminal contempt petition alleging Mr. Walker had willfully failed to pay the October 2003 and November 2003 alimony payments in the amount of $2,000 each and further alleging that he had willfully failed to pay the October and November payments of $250 each relative to the 401(k) plan. This petition for criminal contempt was accompanied with the same notice to Mr. Walker as had been filed with previous contempt petitions.

At this point, J. Robin McKinney, Jr. re-entered the case as attorney for Mr. Walker and filed an Answer to Amended Petition for Contempt. This answer involved general denials together with an affirmative defense that he could not be imprisoned for civil debt because of Article 1 section XVIII of the Tennessee Constitution.

Following a November 13, 2003, hearing before substitute Judge Jack Norman, Jr., an order was entered providing:

> 1. It is **ORDERED, ADJUDGED AND DECREED** that the Court will not find Mr. Walker in criminal contempt of the Court's Order for failure to pay alimony in the months of June, July

and August due to the fact according to his testimony that he was incarcerated in the Metro Jail in July, (sic) July and August of 2003. The Court, however, does find that he was not incarcerated in September of 2003 and therefore the Court finds, after all relevant testimony and proof, that he is in willful criminal contempt of the Final Decree in this matter and the subsequent Order as relates to the judgment payments for failure to pay either payment in September of 2003, for two separate violations. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Defendant, Kenneth Wayne Walker, is in willful criminal contempt of this Court's Final Decree for failure to pay alimony in the amount of $2,000.00 for the month of September 2003, and is sentenced to ten (10) days in Metropolitan Davidson County Jail.

2. It is further **ORDERED, ADJUDGED AND DECREED** that Defendant is in willful criminal contempt of this Court's Order of February 21, 2003, for failure to pay the judgment payment of $250.00 for the month of September of 2003, and is therefore sentenced to ten (10) days in the Metropolitan Davidson County Jail for his criminal contempt. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Defendant, Kenneth Wayne Walker, is sentenced to a total sentence of twenty (20) days in the Metropolitan Davidson County Jail for his two violations of the Court's Order as stated above.

3. The Court, as stated earlier, does not find the Defendant in criminal contempt for failure to make the alimony payments in June, July and August due to his incarceration, but has found him in criminal contempt for September 2003 for failure to pay as ordered. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Plaintiff, Lesley LaPointe Walker, is awarded a judgment against Defendant in the amount of $8,000.00 for alimony for the months of June, July, August and September, 2003, against Kenneth Wayne Walker, which amount is reduced to judgment for which let execution issue if necessary.

4. The Court further finds that Defendant has not presented any credible proof as to why the payments have not been made as ordered for September 2003 and no proof as to any alleged disability.

5. The Court further finds that an attorney's fees for counsel's representation of Ms. Walker in this matter is appropriate. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that D. Scott Parsley is awarded an attorney's fee in the amount of $898.04, against Defendant, Kenneth Wayne Walker, which is awarded as additional alimony with the intent that the same is a non-dischargeable support obligation in the event of bankruptcy. It is further

**ORDERED, ADJUDGED AND DECREED** that this amount is reduced to judgment for which let execution issue, if necessary.

On December 18, 2003, Ms. Walker filed an additional Petition for Criminal Contempt alleging failure of Mr. Walker to pay the alimony payment due for December of 2003 in the amount of $2,000. The Petition further alleged willful criminal contempt for failure to pay the December 2003 installment of $250 relative to the 401(k) plan. This Petition for Contempt was accompanied by the same notice as had previously been served on Mr. Walker with the other contempt petitions.

On January 4, 2004, Mr. Walker answered this contempt petition with a general denial and the same affirmative defense relative to imprisonment for civil debt.

The case was heard before Judge Muriel Robinson on January 15, 2004, and on February 3, 2004, the trial court entered its order finding:

> It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Defendant, Kenneth Wayne Walker, is found in willful criminal contempt of this Court's Order for failure to pay alimony as ordered and failure to pay the arrearage payment as ordered and is sentenced to forty (40) days in the Metro Jail for his six separate violations of the Final Decree of November 8, 2001, ordering payment of alimony and the Order of February 21, 2003, requiring payments of $250.00 per month on the arrearage judgment of $10,457.33.
>
> The Court makes the following specific findings of fact:
>
> 1. The Court finds that the Defendant is able-bodied and capable of paying the alimony, but willfully fails to do so. The Court finds that he appeared this day and appears healthy to the Court. Further, Mr. Walker has not even attempted to look for work.
>
> 2. The Court finds that his parents pay his child support for him to his first wife for his child and does so in a timely manner, along with his cost of housing, food, and attorney's fees for him, however they do not pay his alimony for him.
>
> 3. The Court finds that Mr. Walker continues to defy the orders of this Court. He has quit his job and reduced his income to zero and lives with his parents.
>
> 4. The Court finds that Mr. Walker files pleadings on the date of court such as this date the petition to modify his alimony obligations and then non-suits the same the same day. Further, he filed on this date a motion to continue after the Court continued this matter December 19, 2003, at Defendant's request. It is, therefore, **ORDERED** that the motion to continue is denied.

5. The Court finds that Mr. Walker does not pay any amount of alimony or arrearage payment, let alone those amounts that he is ordered to pay.

6. The Court finds that this Court has found Mr. Walker guilty of contempt on three previous occasions and as is his course of conduct, he immediately files an appeal. Specifically, he was found guilty of contempt on November 8, 2002, July 14, 2003 and November 20, 2003, for failure to pay alimony. On February 21, 2003, this Court awarded a judgment to Ms. Walker of $10,457.33 for her part of the 401K/profit sharing plan Husband had with his previous employer, which he liquidated subsequent to the entry of the Final Decree of Divorce after his testimony at the divorce trial that it did not exist. The court found Mr. Walker to not be a credible witness for misleading the Court as to the existence of the 401K/profit sharing account.

7. The Court finds that Mr. Walker has engaged in a course of conduct in an attempt to impoverish himself in an attempt to alleviate his alimony obligation. The Court further finds that he has set upon a course of conduct to defy the orders of the Court from day one.

8. The Court finds that he does not present on scintilia of evidence regarding any claimed disability.

9. Finally, the Court finds that Mr. Walker's claims of disability are not credible.

10. The proof further shows that Ms. Walker is disabled, that she does have an obvious, severe impediment in her speech and that she needs the alimony.

It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Defendant, Kenneth Wayne Walker, is hereby sentenced to forty (40) days in the Metropolitan Davidson County Jail to be served day for day.

It is **ORDERED, ADJUDGED AND DECREED** that Defendant is guilty of six (6) violations of the previous orders of this Court for failure to pay alimony in the amount of $2,000.00 the months of October, November and December, 2003, for a total of $6,000.00 due. It is, therefore, **ORDERED, ADJUDGED AND DECREED** that Lesley LaPointe Walker is hereby awarded a judgment against Kenneth Wayne Walker in the amount of $6,000.00 for past due alimony, which amount is reduced to judgment for which let execution issue, if necessary.

The Court finds that Defendant is guilty of willful criminal contempt for failure to make his arrearage payments on the previously ordered judgment in the amount of $250.00 a month for the months of October, November and December,

2003. The Court considering his six (6) separate violations of the Court's Order, however, sentences him to forty (40) days in the Metropolitan Davidson County Jail, to be served day for day as stated above.

On February 13, 2004, Mr. Walker perfected a timely appeal.

A more egregious example of unbridled contempt for the judicial processes can scarcely be imagined than that which is before the court in this case. Certain matters were settled by the previous appeal:

1. Shortly after his divorce, he quit his job at a mechanical engineering firm where he was earning $52,000 a year and took a job driving an airport van at $12,600 a year.

2. On January 28, 2005, this Court affirmed the trial court's finding that he was willfully and voluntarily underemployed and his $2,000 monthly alimony obligation continued in full force and effect. His assertions that his previous appeal was not frivolous were sustained under a finding "while we are singularly unswayed by Mr. Walker's protestations of penury, we have sustained his challenge to the validity of three of his five criminal contempt convictions."

*Lesley LaPointe Walker v. Kenneth Wayne Walker*, M2002-02786-COA-R3-CV – filed January 28, 2005. The hearing of January 15, 2004, indicated that nothing substantial had changed since the November 2002 hearing from which the previous appeal was taken. An explanation of how Mr. Walker had been living throughout the period from November 2002 until the hearing of January 15, 2004, was established by Mr. Walker's father at the January 15, 2004, hearing.

Q.      State your name if you would, please, sir.

A.      Tim Walker.

Q.      And you are the father of Mr. Kenneth Walker; is that right?

A.      Yes, sir.

Q.      Does your son live with you?

A.      Yes, he does.

Q.      And do you pay all of his expenses?

A.      Yes, I do.

Q.      What expenses do you provide on behalf of your son?

A. I provide food, shelter, pay his child support.

Q. How much child support do you pay on behalf of your son?

A. $362 a month.

Q. And have you consistently made those payments for him?

A. Yes, I have.

Q. All right, sir. You provide him an automobile to drive?

. . .

THE WITNESS: Excuse me. I provide an automobile, as needed.

BY MR. PARSLEY:

Q. All right. And you provide his gasoline for him?

A. As needed.

Q. Okay. Give him spending money?

A. If he needs it, yes.

Q. How much spending money on average a week do you give him?

A. I don't keep count of it. I just – – if he needs money, I give it to him.

Q. What he needs, you give to him, don't you?

A. As he needs it, yes, sir.

. . .

Q. Let me ask you this. You pay for his attorneys' fees, don't you?

A. Yes, I do.

Q. How much have you spent on attorneys' fees in the last year on behalf of your son?

A.     I don't have that with me.

Q.     Just approximately would be fine, Mr. Walker.  I know it's hard to say precisely.

A.     I am going say, approximately, $3500.

Q.     All right.  And the $10,000 cash bond he made back last year, did you come up with that $10,000 cash for him?

A.     A portion of it.

Q.     How much portion did you come up with?

A.     $3,000, I think.

Q.     And the remaining $7,000, did he come up with that cash himself?

A.     He sold the last of the automobiles that he had at that time and came up with the money.

Q.     Okay.

              THE COURT: Why are you supporting your son, Mr. Walker?

              THE WITNESS:   Well, because he has no means to support himself right now, your Honor.

              THE COURT:   And why is that?

              THE WITNESS:   Because he's fighting severe depression, alcoholism, and is unable physically to hold a job to make any money, and so I have to do what I have to do to take care of my son.

BY MR. PARSLEY:

Q.     Let me ask you this.

              THE COURT:   And how old is your son?

              THE WITNESS:   He's 41.

THE COURT: So y'all just let him sit around and do nothing?

THE WITNESS: At this time, we take care of him because, again, physically, he's unable to, and his doctor is still treating him for severe depression and alcoholism.

THE COURT: Okay.

THE WITNESS: And until he's physically able – –

THE COURT: You can't make a medical diagnosis because you are not the doctor. But it is your testimony, that he's not working, and y'all are paying his bills?

THE WITNESS: Yes, ma'am.

BY MR. PARSLEY:

Q.      Did you give him money to buy his Christmas present for his child?

A.      I bought Christmas presents for his child.

At the conclusion of the January 15, 2004 hearing, the trial court observed:

THE COURT: . . . He has quit his job, reduced his income to zero, lives with his parents. He's able-bodied and 41 years old. The parents testified that they pay all his bills and child support under a former order. They do not, however, pay the alimony award in this case for their son.

The Court further finds Mr. Walker has set upon the Court to defy the orders of this court from day one. He's never complied with it. As a matter of fact, he uses direction through his attorney to continue to defy the orders of this Court, filing pleadings on the date of the hearing, then, withdrawing them during the hearing.

The Court finds he's defiant, that he's not dealing fairly with the petitioners or the Court's system or the attorneys that are involved. . . .

. . .

THE COURT: We have several petitions for contempts that have been granted by the Court that are in the process of appeal which enable Mr. Walker to further defy the order of the Court. He has popularized himself by his attempts in

-12-

Court. There's not one single shred of evidence, actually, that he suffers from any depression or medical disability.

He comes before the Court always neatly dressed, able-bodied, and the Court has no other alternative but to conclude that he is not a credible witness, that he has set upon the course and designs of the court to further defeat orders of this Court and the payment of alimony. Any amount, he won't pay.

The proof further shows that Ms. Walker is disabled, that she does have a severe impediment in her speech, that she needs alimony, and the Court hereby awards in the amount of $6,000, sentences him in the Metro jail on these counts of failure to pay. All of this recent failure to pay has been well within the year of limitations.

This is an add on to the prior judgments, which puts the alimony award due in excess of 20 some odd thousand dollars, costs to Ms. Walker.

Mr. Walker was then taken into custody and subsequently released on bond while this appeal is pending.

Specifically in the February 3, 2004, Order of the court following the January 15 hearing, the court found Mr. Walker in criminal contempt of court for failure to pay the October, November and December 2003 installments of alimony in the amount of $2,000 each. He was also found guilty of willful criminal contempt for failure to pay the October, November and December installments of $250 per month relative to the 401(k) plan. He was then sentenced to forty (40) days in the Metropolitan Davidson County Jail to be served day for day for these findings of criminal contempt.

As his first issue, Appellant asserts that Ms. Walker failed to comply with Tennessee Rule of Civil Procedure 8.05 in her petitions for criminal contempt. The position of Appellant is less than impressive. The rule does not require the statute to be quoted in the petition. The petitioner must ". . . either specifically refer to the statute or state all the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. The petition plainly named Tennessee Code Annotated sections 29-9-102 and 29-9-103. The issue is without merit.

Appellant next asserts that the court erred in finding his contempt to be willful, asserting that his father had testified that he was " . . . incarcerated for the months of November and December and could, therefore, not work." This is a mischaracterization of his father's testimony, even if the court accepted such testimony. He was, at best, incarcerated from November 13 to December 5. The trial court found that he is willfully unemployed prior to the previous appeal, and such a situation has obviously continued to the present day. The evidence is overwhelming that Mr. Walker's conduct is willful, and the issue is without merit.

Appellant next asserts that the trial court erred in finding him in willful contempt for failure to pay the $250-per-month payments as to the 401(k) plan. The 401(k) plan provisions of the final judgment do not result in simply an ordinary civil debt. Mr. Walker perjured himself and misled the court prior to the final decree of November 8, 2001. In its order finding Mr. Walker in contempt, the court referenced its February 2002 order sustaining the Rule 60 motion:

> On February 21, 2003, this court awarded a judgment to Ms. Walker of $10,457.33 for her part of the 401K/profit sharing plan Husband had with his previous employer, which he liquidated subsequent to the entry of the Final Decree of Divorce after his testimony at the divorce trial that it did not exist.

The issue is without merit.

The last issue by Appellant is the trial court's refusal to allow Appellant to make an offer of proof on the record. It is apparent from the testimony that the offer of proof would have been no more than the testimony of Mr. Walker's father as to various illnesses allegedly afflicting his son and preventing him from attaining gainful employment. Counsel for Mr. Walker was fully cognizant of the impossibility of his position during the testimony of the father. He did not have any medical proof to support the alleged condition of Mr. Walker. Said counsel:

> Judge, my problem is – – and I know the court's position would be that taking a doctor's deposition, it takes an act of congress to get one. We have been trying to do that, Judge, but I can't have credible proof without a doctor's – – without an evidentiary deposition of the doctor.

These criminal contempt citations had been pending for months prior to the January 15, 2004, hearing and counsel had ample time to procure the necessary medical deposition. The context in which the so-called offer of proof was to be made is revealing. While Mr. Tim Walker, the father of Appellant, was testifying, the following occurred:

Q.    Based upon your physical observation, is he – – in your lay opinion, is he physically unable to work?

> MR. PARSLEY: I object, your Honor. He's not qualified to make that.

> THE COURT: Sustain the objection.

> MR. MCKINNEY: Judge, I would like to make an offer of proof on that.

> THE COURT: Overruled.

MR. MCKINNEY: You are overruling the offer of proof, your Honor?

THE COURT: Of course.

Under Tennessee Rule of Evidence 103, it is provided in pertinent part:

**Rule 103. Rulings on evidence.** — (a) Effect of Erroneous Ruling. — Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. — In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context; or

(2) Offer of Proof. — In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

While in certain instances, with the proper foundation, a lay witness may provide opinion testimony, *see* Tenn. R. Evid. 701, the basis for the proffered lay opinion was " . . . apparent from the context" surrounding the request to make an offer of proof under Rule 103. After acknowledging that " . . . I can't have credible proof without a doctor's – – without an evidentiary deposition of the doctor," counsel attempts to obtain the lay opinion of Mr. Walker's father. His tender of proof from this layman is made apparent by his question:

Q.      Based upon your physical observation, is he – – in you lay opinion, is he physically unable to work?

This Court has held:

The court did not allow offers of proof on these excluded witnesses. In *Alley v. State, 882 S.W.2d 810, 815 (Tenn.Crim.App. 1984)*, the general rule was stated that "assuming an offer of proof has been reasonably made, it is error for the trial court to refuse to permit counsel to state what evidence he is offering."

"The purpose of an offer is two-fold. First, the proof informs the trial court what the party intends to prove . . . [s]econd, an offer creates a record so that an appellate court can determine whether there was reversible error in excluding the evidence." *State v. Torres,* 2001 No. E1999-00866-CCA-R3-DD, 2001 WL 245137, *32 (Tenn.Crim.App. Mar. 13, 2001).

From the record before the Court, the offer of proof as to Mr. Head concerned some  conversation he had with Mr. Johnson outside the courtroom at one of the hearings in July. As to the testimony of the three children, the trial court examined

written questions and answers involving the three children and while the court disallowed the testimony of the children, these questions and answers appear in the record. Assuming the testimony of the children would be consistent with the questions and answers appearing in the record, it is difficult to see how such testimony could have affected the outcome of the case.

Although it was error for the trial judge to refuse the offers of proof, it is apparent from the context of the record that the offers of proof in the present case, more probably than not, would not have affected the judgment in the case or resulted in prejudice to the judicial process. Tenn.R.App.P. 36(b).

*Johnson v. Johnson*, 2001 WL 980737, *9 (Tenn.Ct.App.).

The circumstances surrounding the exclusion suggest that Appellant was offering lay testimony of his alleged physical and emotional inability to work. Assuming that lay testimony of the elder Walker would be admissible as to whether or not the younger Walker was "physically unable to work," the weight to be given such testimony would rest entirely in the discretion of the trial court, this in the face of this trial court's own observation that Mr. Walker ". . . comes before the court always neatly dressed, able-bodied, . . ." and offers no medical proof at all that he is in any way disabled. Under the record in this case, that which would have been included in Mr. Walker's offer of proof is clearly apparent from the context in which the offer was made, and the trial court did not err in declining to further consider the lay testimony of Walker, the elder.

Appellant urges that, inasmuch as this appeal involves his numerous criminal contempt citations, the right to direct appeal under the Rules of Criminal Procedure is implicated. As a result, argues the appellant, frivolous appeal damages are not available. No case law is cited from this or any other jurisdiction in support of this assertion. The notice issues on which alone he obtained relief on his previous appeal are absent in this record. The appeal in this case is frivolous and had no reasonable chance of success. *Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn.Ct.App.1998). Tenn.Code Ann. § 27-1-122.

The judgment of the trial court is in all respects affirmed, and the case is remanded to the trial court for further proceedings including the assessment of reasonable attorney's fees and costs pursuant to Tennessee Code Annotated section 27-1-122. Costs of appeal are assessed against Appellant, Kenneth Wayne Walker.

_____
WILLIAM B. CAIN, JUDGE