IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 19, 2005 Session

## EDWARD L. ELLIS, JR. v. JOHN W. BACON, M.D.

**Appeal from the Circuit Court for Sumner County**
**No. 25449-C      C.L. Rogers, Judge**

_____

**No. M2005-00222-COA-R3-CV - Filed November 21, 2005**

_____

The unsuccessful plaintiff brings this appeal from the trial court's summary judgment dismissing his malpractice claim. Because the plaintiff did not respond to the defendant's properly supported Motion for Summary Judgment, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J. and JERRY SMITH, SP.J., joined.

Edward L. Ellis, Nashville, Tennessee, *pro se*.

Parks T. Chastain, Scott T. Foster, Nashville, Tennessee, for the appellee, John W. Bacon, M.D.

### MEMORANDUM OPINION[1]

This appeal results from a medical malpractice claim. Edward Ellis, Jr., after an initial nonsuit, filed a second complaint in Circuit Court for Sumner County alleging malpractice on the part of John W. Bacon, M.D. In the complaint which he filed on May 3, 2004, *pro se*, Mr. Ellis alleged that Dr. Bacon had damaged his sciatic nerve while performing a right hip replacement surgery.

Dr. Bacon answered the complaint on May 28, 2004, denying negligence, raising the statute of limitations as a bar to the claim and raising as an additional affirmative defense Mr. Ellis's

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

informed consent. According to defense counsel's certification, a copy of the Notice of Appearance of Counsel and Answer was sent to Mr. Ellis at 609 S. 6th Street, Nashville, Tennessee, 37206. The plaintiff's only other address appearing in the record before us is the general delivery address to which Mr. Ellis had his mail delivered in the course of the litigation. On June 14, 2004, counsel for Dr. Bacon forwarded his first set of interrogatories to Mr. Ellis at the 609 S. 6th Street address. On that same date counsel sent requests for admission. Defense counsel then sent a letter to Mr. Ellis requesting supplementary discovery including an audio taped copy of a prior telephone conversation in which defense counsel agreed to extend the discovery deadline "an additional 15 days."

By letters dated September 8 and September 22, 2004, defense counsel asked that Mr. Ellis comply with the prior discovery requests. Despite these letters, Mr. Ellis never completely provided this discovery. In addition, the record does not show any attempt of discovery on the part of Mr. Ellis. On November 15, 2004, Dr. Bacon, through counsel, filed his Motion for Summary Judgment accompanied by the doctor's affidavit containing the following averments:

> 7. My treatment and care of Edward Ellis, Jr., before, during and after the full right hip replacement performed on February 5, 2002 at Sumner Regional Medical Hospital in Gallatin, Tennessee, did not fall below the recognized standard of acceptable professional practice in Nashville and Gallatin, Tennessee.

> 8. To the extent the plaintiff has any injuries to his right hip area or sciatic nerve, those injuries are not the result of any negligent act or omission which is alleged to have occurred during the full right hip replacement surgery.

In addition to this Motion, counsel filed a Motion to Deem the Admission Requests Admitted for the purposes of summary judgment. Mr. Ellis failed to respond to either motion and failed to appear on the date of the hearing indicated on Defendant's Motion for Summary Judgment.

Since a more compelling reason exists for sustaining summary judgment it is not necessary to discuss these procedural and factual shortcomings.

On December 15, 2004, the trial court heard the Motion for Summary Judgment and entered an order drafted by defense counsel and forwarded to Mr. Ellis at the 609 S. 6th Street address pursuant to the certificate of service. On January 13, 2005, Mr. Ellis filed his Notice of Appeal in the trial court, and the case is now before us for review of the summary judgment grant. Although *pro se* parties are afforded a liberal interpretation of their pleadings and briefs before our courts, this liberal construction cannot create rights where none exist. Mr. Ellis, as appellant, bears the burden of properly preparing a record on appeal. Tenn. Rule App. P. 24.

When a defendant comes forward with proof negating an essential of the plaintiff's claim, that plaintiff so challenged is no longer entitled to rely solely on the pleadings, but must offer proof of his own rebutting that of the defendant and establishing a genuine issue for trial. *Bain v. Wells*,

936 S.W.2d 618, 622 (Tenn.1997). A plaintiff acting as his own counsel is not exempt from the requirement of procedural and substantive law, and a trial court may not otherwise shift the burden of litigation to the represented defendant in order to be "fair" to the unrepresented party. *Hessmer v. Miranda*, 138 S.W.3d 231 (Tenn.Ct.App.2003). When met with the affidavit of the defendant doctor alleging that his performance comported with the generally recognized standard of care, Mr. Ellis was no longer able to rely upon his pleading. He was required to provide affirmative proof to the contrary at least sufficient to create a genuine issue of material fact as to his malpractice claim. *See Hessmer*, 138 S.W.3d at 244, *see also* Tenn.Code Ann.§ 29-26-115(a)(supp.2002). Instead of supplying this proof, Mr. Ellis alleges before this Court that he was unable to obtain his mail at the general delivery mailbox to which he had his mail delivered until some time after the entry of judgment on the defense's Motions. During the interim, he was absent from the State of Tennessee.

In our *de novo* review of the record before us, we find that the plaintiff has failed in this malpractice action to establish any genuine issue of fact as to the standard of care applicable to Dr. Bacon or any breach by Dr. Bacon of that standard of care which proximately caused damage to the plaintiff. This is a professional malpractice action. Once Dr. Bacon responded with his expert affidavit of compliance with the applicable standard of care, Plaintiff must counter by expert evidence of deviation from such standard of care, and failure to do so is fatal on summary judgment. *Bursack v. Wilson*, 982 S.W.2d 341 (Tenn.Ct.App.1998). The judgment of the trial court is affirmed. Costs are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE