IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 26, 2012 Session

## CARL BAKER v. ANTOINETTE WELCH

**Appeal from the Circuit Court for Davidson County**
**No. 09C2220     Joseph P. Binkley, Jr., Judge**

_____

**No. M2011-02601-COA-R3-CV - Filed August 17, 2012**

_____

Plaintiff in case alleging legal malpractice appeals the trial court's grant of summary judgment to defendant attorney. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

Carl A. Baker, Altamonte Springs, Florida, Pro Se.

Daniel D. Warlick, Nashville, Tennessee, for the Appellee, Antoinette Welch.

**MEMORANDUM OPINION[1]**

I. BACKGROUND

This suit arises from a legal malpractice complaint filed on June 26, 2009 by Carl A. Baker against his former attorney, Antoinette Welch, who represented him in his 2008 divorce. The trial court granted Ms. Welch summary judgment on February 17, 2010. Mr. Baker filed a motion to set aside the entry of the summary judgment, and on March 22, 2010, he filed a "motion for summary judgment retrial." The court denied both of Mr. Baker's

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motions, and Mr. Baker appealed to this Court. In *Baker v. Welch*, No. M2010-01291-COA-R3-CV, 2011 WL 1420871 (Tenn. Ct. App. 2011) we reversed the trial court's order denying Mr. Baker's motions and remanded the case pursuant to Tenn. R. Civ. P. 59.02.

On remand, Ms. Welch renewed her motion for summary judgment and Mr. Baker responded in opposition to the motion. The trial court held a hearing on the motion and subsequently entered an order granting Ms. Welch's motion for summary judgment. Mr. Baker appeals.

II. DISCUSSION

Summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits...show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (quoting Tenn. R. Civ. P. 56.04). When making such motion, the movant has the burden of either: "(1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial." *Id*. (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)). If the movant meets its burden, then the nonmoving party "is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin*, 271 S.W.3d at 84 (citing *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998)).

In accordance with Tenn. R. Civ. P. 56.03, Ms. Welch filed a Statement of Material Facts with her motion for summary judgment. Included in the Statement was the following: "The Defendant will not use an expert witness in the trial in this cause. (Scheduling Order)."[2]

The law in Tennessee is clear that expert testimony is required in a legal malpractice action. As stated in *Strong v. Baker*:

> It is well-settled law that, "[i]n a legal malpractice action, expert testimony is required to establish negligence and proximate cause unless the alleged malpractice is within the common knowledge of laymen." *Rose v. Welch,* 115 S.W.3d 478, 484 (Tenn. Ct. App. 2003). Only in cases involving 'clear and palpable negligence' can legal malpractice be determined without

---

[2] The reference to Defendant rather than Plaintiff is an obvious error. The Scheduling Order stated that "[b]y agreement of the parties . . . [t]he Plaintiff indicated he will not use an expert witness. . . .[t]he Defendant will disclose her expert witness and Rule 26 expert witness statement by November 27, 2009."

expert testimony. *Id.* at 484 (quoting *Cleckner v. Dale,* 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986)). Thus, except in extreme cases, if a defendant-attorney presents expert proof that he or she did not breach the duty of care, the plaintiff-client must present rebuttal expert proof that a breach of care did occur in order to create a genuine issue of material fact. *Bursack v. Wilson,* 982 S.W.2d 341, 343-45 (Tenn. Ct. App. 1998).

*Strong v. Baker*, M2007-00339-COA-R3-CV, 2008 WL 859086 at *7 (Tenn. Ct. App. Mar. 31, 2008).

The order granting summary judgment recited in pertinent part the following:

The Court granted the Plaintiff's Motion to Set Aside the Previous Order Granting Summary Judgment and then heard the renewed Motion for Summary Judgment which was supported by a Memorandum and Statement of Uncontested Facts previously served on the Plaintiff. Although the Plaintiff had not responded to the Defendant's Statement of Uncontested Facts, the Court carefully questioned the Plaintiff as to the correctness of those facts. . . .

The Court then questioned the Plaintiff as to his agreement with the fact that he would present no expert proof in the legal malpractice trial. While the Plaintiff agreed that he would have to prove the standard of care and then a deviation therefrom in order to prevail in the case at bar, he told the Court that he would not be presenting any evidence, expert or otherwise, as to the standard of care, and that he was unable to do so because all the lawyers and, in fact, the Judge, took care of each other. . . .

Therefore, based upon the Plaintiff's admission that he would present no proof as to the standard of care and call no witnesses in regard to the standard of care and whether or not it was breeched, the Court then determined that the Defendant's Motion for Summary Judgment should be granted, as there was a showing that the Plaintiff would not prove an essential element of his cause of action.

Expert testimony was an essential element of Mr. Baker's cause of action against Ms. Welch. The admission in the Statement of Material Facts, in the Scheduling Order and in open court that Mr. Baker would not call an expert witness at trial meant, *ipso facto*, that he would be unable to establish the standard of care, ultimately, that Ms. Welch committed legal malpractice. In this circumstance, summary judgment was proper.

III. CONCLUSION

For the foregoing reasons, the order granting summary judgment to Ms. Welch is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE