Harold **BLOCKER**, Plaintiff–Appellant,

v.

**DEARBORN & EWING** and Cyrus L. Booker, Individually, Defendants–Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 2, 1992.

Permission to Appeal Denied by Supreme Court April 26, 1993.

Douglas E. Jones and E. Joseph Fitzpatrick, Jr., Jones & Rogers, Nashville, for plaintiff-appellant.

George B. McGugin and John B. Carlson, Watkins, McGugin, McNeilly & Rowan, Nashville, for defendants-appellees.

OPINION

FRANKS, Judge.

In this legal malpractice action, the Trial Court granted summary judgment. We vacate and remand for further proceedings.

Plaintiff was involved in an automobile accident on July 26, 1984, and had liability and underinsured motorists' coverage with The Travelers Insurance Company. The other party to the accident, Anderson, was insured by the United States Fidelity & Guaranty Company. (USF&G).

Cyrus Booker, associated with Dearborn & Ewing, sued Anderson on behalf of the plaintiff for damages in July of 1985. Process in that action was returned, not to be found, and process was reissued without obtaining service on September 3, 1985, February 10, 1986, August 5, 1986, February 4, 1987, and February 19, 1987. During that period Booker attempted to locate the Andersons and employed an independent process server. He also wrote a demand letter to defendants' carrier demanding $250,000.00 to settle the case.

After the attempted service in February of 1987, the summons and complaint were

not reissued until November 4, 1987, more than six months later.

On December 8, 1988, Booker advised plaintiff that the firm's failure to reissue the summons and complaint in the six month time frame meant that a limitations defense by the Andersons would probably bar plaintiff's personal injury claim. Booker advised that this was something he had "recently discovered" although a letter from USF&G's attorney approximately one year earlier had made the same point. Booker's letter to plaintiff acknowledged plaintiff might have a claim against the law firm for failure to reissue the summons and complaint.

On May 11, 1989, plaintiff brought this action against Booker and the law firm, alleging they had failed to meet the requirements of Tennessee Rules of Civil Procedure, Rule 3, to plaintiff's damage, and subsequently on October 26, 1990, moved to amend and allege fraudulent concealment, i.e., Booker knew about the mistake but tried to convince plaintiff to drop his suit before it was discovered.

The Court did not act on the motion and on August 6, 1991, plaintiff again moved to amend his complaint restating this theory, and naming the individual partners of the law firm as defendants. On August 27, 1991, the Trial Court denied the motions to amend.

After discovery and numerous disputes between the parties about discovery, defendants moved for a summary judgment, asserting the defendants were not negligent, and in the alternative that no harm was caused the plaintiff since the defendant in the tort action could not have been located. To support the motion, defendants relied on Booker's affidavits and depositions of plaintiff and USF&G's attorney.

Plaintiff also moved for a summary judgment asserting defendants in permitting the statute of limitations to run on the original lawsuit were negligent as a matter of law. He also filed the affidavit of an attorney who offered the opinion that defendants' failure to reissue the summons and the subsequent attempt to dissuade plaintiff from pursuing his claim violated their duty to the client.

In acting on the motions for summary judgment, the Trial Judge ruled that Blocker was dilatory in proposing amendments and overruled the motion. He also ruled the failure to reissue the summons did in fact bar the original claim against the Andersons, but defendants were entitled to a summary judgment because plaintiff did not establish that his original lawsuit would have succeeded but for defendants' alleged negligence.

■ It was error to deny plaintiff's motion to amend. T.R.C.P. 15.01. Under the Rule, amendments are liberally allowed and the Court may admit material amendments at any stage of the proceedings. The Rule, in fact, substantially lessens the exercise of pretrial discretion on the part of a trial judge. Rule 15 requires no construction and states that "leave shall be freely given". *Merriman v. Smith*, 599 S.W.2d 548 (Tenn.App.1979).

With deference to the Trial Court, the proposed amendments were not untimely. Plaintiff first moved to amend approximately one year before defendants' motion for summary judgment was filed. The proposed amendment was not acted upon until the eve of the hearing on the summary judgments and after plaintiff had renewed his motion. There is no showing that the proposed amendments alleged facts to the surprise of defendants or cause undue prejudice, nor were the proposed amendments filed in bad faith or to harass the defendants. The motion should have been granted.

Summary judgment for the defendants was not proper. The standard for granting summary judgment in a malpractice case is well stated in *Goodman v. Phythyon*, 803 S.W.2d 697 (Tenn.App.1990). The Court said:

> "Summary judgment is to be rendered by a trial court only when it is shown that 'there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law'". T.R.C.P. 56–02 (1894).

In ruling on a motion for summary judgment, the Trial Court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all of the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983)."

In an action for legal malpractice, the plaintiff must establish the employment of the attorney, negligent breach of duty by the attorney, and damages resulting from such neglect. However, when a defendant moves for summary judgment he must show undisputed facts requiring judgment in his favor. *Sammons v. Rotroff,* 653 S.W.2d 740 (Tenn.App.1983). It is undisputed that defendants represented plaintiff in the tort claim against the Andersons. Whether an attorney's conduct meets the standard of care is not a question of law for the Court, but an issue of fact. *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn.App. 1986). Moreover, except in cases of palpable negligence, expert proof is required to establish the standard and to determine whether the attorney's conduct comports with it. *Id.*

The Trial Court correctly determined the failure to reissue the summons and complaint barred that action under the applicable statute of limitations. T.R.C.P. Rule 3 affords a litigant two procedures when the process is returned unserved. One is to reissue a summons within six month intervals or to non-suit and refile the action within one year from the dismissal.

In *Adams v. Carter Co. Memorial Hospital,* 548 S.W.2d 307 (Tenn.1977) the plaintiff had missed the first six month's interval, but acted within the one year period under the Rule. It was error to dismiss the complaint under Rule 3, because the plaintiff still had the option to proceed under the second procedure. Such is not the case here. Failure to file an action within the time prescribed by law may give rise to civil action for malpractice, and is also an appropriate matter for disciplinary proceeding, if there is evidence that an attorney fraudulently concealed from a client the running of the statute of limitations. *Office of Disciplinary Counsel v. McKinney,* 668 S.W.2d 293 (Tenn.1984).

Plaintiff's expert opined that defendants' acts and omissions violated the standard of care. Defendant Booker's affidavit opined that his attempts to locate Anderson and his ultimate disclosure to plaintiff meant that he had exercised due care. The issue of defendants' negligence is a disputed issue of material fact on this record.

Finally, it is argued that because plaintiff did not establish that Anderson could have been served, i.e., because he did not locate them, no causation of damages was established. Plaintiff argues defendant could have put the onus on Anderson's insurer to disclose their location under Tennessee Code Annotated § 56–7–1104.[1]

1. **56–7–1104. Notice to insurance carrier.**—(a) Upon a sheriff's return of "not to be found" within the particular county, or upon the secretary of state being unable to complete process upon the defendant or defendants, the plaintiff may serve demand notice upon the liability insurance carrier to reveal the location and whereabouts of the defendant automobile owner or operator.

(b) If the carrier is not a domestic company, the demand notice shall be through the commissioner. The demand notice shall be by certified mail with a return receipt requested and shall include a certified copy of the sheriff's return.

(c) The liability insurance carrier shall upon such notice reveal to the plaintiff or his attorney any information which it possesses as to the location of the defendant automobile operator or owner. [Acts 1976, ch. 612, § 2; T.C.A., § 56–1174.]

**56–7–1105. Liability for failure to comply.**— Willful violation of the provisions of §§ 56–7–1003—56–7–1105 by the liability insurance carrier shall render the carrier liable in damages to the plaintiff. [Acts 1976, ch. 612, § 3; T.C.A. § 56–1175.]

In his deposition, insurer's counsel Rosenblum acknowledged the address in his file in 1989 was the one plaintiff's attorney used unsuccessfully, but absent demand Anderson's carrier was not required to make other efforts to locate the Andersons. At the time the statute was allowed to run, the issue was not whether plaintiff could prove Anderson was available for service of process, rather whether defendants' failure to keep plaintiff's cause of action alive within the statute of limitations prejudiced plaintiff's claim for damages. It is uncontroverted that before the statute was allowed to run, defendant issued a demand letter to the carrier for $250,000.00. After the statute ran, he dropped the settlement demand to $10,000.00, even as an attempt was being made to convince plaintiff to drop the lawsuit.

Resolving all inferences in favor of the plaintiff, the record establishes a disputed issue of material fact as to whether defendants' negligence damaged plaintiff, and we vacate the summary judgment and remand to the Trial Court for further proceedings.

Costs of appeal are assessed to defendants.

TODD, P.J., and CANTRELL, J., concur.