IN THE MATTER OF:  )
                   )
PORTIA GOBEL,      )          Appeal No.
                   )          01-A-01-9601-PB-00040
        Plaintiff/Appellant,  )
                   )          Putnam Probate
VS.                )          No.14064
                   )
ESTATE OF RUPERT NEWMAN,  )
DECEASED,          )
                   )
        Defendant/Appellee.  )

FILED

July 3, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE PROBATE COURT OF PUTNAM COUNTY,
AT COOKEVILLE, TENNESSEE

THE HONORABLE BILL BAIRD GRIFFITH, JUDGE



RANDY S. CHAFFIN
CAMERON AND CAMERON
100 S. Jefferson Avenue
Cookeville, Tennessee 38501
        Attorney for Plaintiff/Appellant

JEFFREY G. JONES
BARNES & ACUFF
100 S. Jefferson Avenue
Cookeville, Tennessee 38501-3424
        Attorney for Defendant/Appellee



AFFIRMED AND REMANDED




BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

The Probate Court of Putnam County dismissed a claim against the estate of Rupert O. Newman because the claimant lacked standing to make the claim. We affirm.

## I.

Rupert O. Newman died on July 5, 1992 and his son, Bobby Joe Newman, qualified as the executor of the estate. On January 15, 1993, Portia Goble filed a claim against the estate containing the following:

### C L A I M

**STATE OF TENNESSEE)**
                              **ss**
**COUNTY OF PUTNAM   )**

I, PORTIA GOBEL, hereby make oath that the foregoing claim is just, correct, and valid obligation of the estate of the deceased; that neither the claimant nor any other person in its behalf has received payment therefore, in whole or in part, except such as is credited thereon; and that no security therefore has been received, except as thereon stated. This claim being for $16,000.00, check dated December 10, 1979, made out to Rupert Newman.

/S/ Portia Gobel
REPRESENTATIVE

Attached to the claim was a copy of a check dated December 10, 1979 made out to Virginia C. Newman and purportedly bearing her endorsement. The proof showed that the check was used to purchase a certificate of deposit at the Citizens Bank in Cookeville in the name of Mr. or Mrs. Rupert O. Newman. Mrs. Newman was married to Rupert O. Newman.

The executor filed an objection to the claim, raising the question of Ms. Gobel's standing to make a claim against the estate of Rupert O. Newman. The objection also raised the statute of limitations as a defense.

At the hearing on the claim, the only proof on the question of standing was Ms. Gobel's testimony that she was Mrs. Newman's daughter. On October 5, 1995, the probate judge held that Ms. Gobel lacked standing to make the claim in her individual capacity and dismissed the claim. On November 7, 1995 Ms. Gobel moved to be allowed to amend her "complaint" to show that she is the administratrix of her mother's estate. The trial judge overruled the motion and the order dismissing the claim has been appealed.

## II.

We fail to see how the trial judge could be faulted for dismissing the claim. Even if we were to overlook the defects in the claim itself and view it as a claim by Ms. Newman's "representative", Ms. Gobel's representative capacity was put in issue by the executor's answer. With the pleadings making an issue of Ms. Gobel's standing to make the claim, the burden was on her to prove her representative capacity. To this date there is no proof in the record establishing the fact of Ms. Newman's death, or that Ms. Gobel has been appointed administratrix of the estate. In her brief Ms. Gobel asserts that those facts are uncontroverted. But that assertion overlooks the executor's answer, and there is no proof establishing either fact.

Ms. Gobel asserts that the probate judge erred in denying her motion to amend. She cites the familiar rule in this State that amendments are liberally allowed when justice so requires. See *Blocker v. Dearborn & Ewing*, 851 S.W.2d 825 (Tenn. App. 1992). But the amendment, made two years after the hearing in the probate court, sought only to amend the "complaint." It did not seek to reopen the

proof and it did not exhibit copies of Ms. Gobel's letters of administration. Under those circumstances the trial judge did not err in overruling the motion.

- 4 -

The judgment of the court below is affirmed and the cause is remanded to the Probate Court of Putnam County. Tax the costs on appeal to the appellant.


_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE

- 4 -