IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 17, 2009 Session

GARY WYNN d/b/a WYNN HOMES, INC., ET AL. v.
LA MARUJA REALTY CORP., ET AL.

Appeal from the Chancery Court for Sumner County
Nos. 2006C-219, 2007C-43    Tom E. Gray, Chancellor

No. M2008-01511-COA-R9-CV - Filed September 15, 2009

This case arose from a complaint for specific performance, brought by a developer against a realtor to compel the realtor to complete the sale of a piece of real property which it had agreed to sell to the developer's corporation. The realtor subsequently discovered that the corporation had been dissolved and moved the court to dismiss the complaint for lack of capacity to contract and lack of standing. The developer applied for and obtained reinstatement of his corporation and then moved the court to be allowed to amend his complaint to name it as an additional plaintiff. The trial court denied the plaintiff's motion to amend his complaint. We granted this interlocutory appeal to review that decision. We reverse the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court Reversed**

PATRICIA J. COTTRELL, P.J.,M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Mark B. Reagan, Nashville, Tennessee, for the appellant, Gary Wynn, d/b/a Wynn Homes, Inc.

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellee, La Maruja Realty Corporation.

John Ray Phillips, Jr., Gallatin, Tennessee, for the appellees, Delano and Delma McCoury.

**OPINION**

### I. A SUIT FOR SPECIFIC PERFORMANCE

The parties entered into a purchase and sale agreement for a 6.87 acre property in Hendersonville on August 26, 2006. The seller was La Maruja Realty Corporation, which had bought the property at auction in 2004. The buyer listed in the agreement was Wynn Homes, Inc. Gary Wynn signed the contract as President of Wynn Homes, Inc. The agreement recited a closing date of November 14, 2006, and that "[t]ime is of the essence of this Agreement." No closing

occurred, presumably because a separate lawsuit, which was filed after the purchase and sale agreement was executed but prior to the scheduled closing, made it impossible for La Maruja to convey clear title to Wynn.

That lawsuit arose from the 2004 auction for the property. During the bidding, La Maruja's agent allegedly entered into an agreement with the agent of adjacent landowners Delano and Delma McCoury, to sell them a fifty foot wide buffer strip adjacent to the McCoury property. The McCourys had apparently been bidding on the entire property, and they allegedly agreed to withdraw from the bidding in exchange for La Maruja's promise to sell them the buffer strip. On September 7, 2006, the McCourys filed a Complaint for specific performance against La Maruja.[1]

On February 16, 2007, Mr. Wynn filed his own complaint. The named plaintiff on that pleading was "Gary Wynn d/b/a Wynn Homes, Inc." Aside from asking the court to grant him specific performance on the contract, he also asked for $150,000 "as punitive damages for the Defendant La Maruja's fraudulent and intentional misrepresentations." Mr. Wynn also listed the McCourys as defendants, although he did not ask the court to grant him any specific relief against them. The two cases were consolidated by agreed order on April 17, 2007.

During discovery, La Maruja learned that Wynn Homes, Inc. had been administratively dissolved in 2003. It is unclear when Gary Wynn became aware of the dissolution of the corporation. La Maruja's answer, filed June 13, 2007, asserted a number of defenses to the plaintiff's claims, including lack of capacity to contract and lack of standing. Since the named buyer on the real estate contract, "Wynn Homes, Inc." had been dissolved, the realtor contended that it did not have the capacity to enter into a binding contract and that the contract was therefore void *ab initio*. Further, since the named plaintiff, Gary Wynn, had not signed the contract in his individual capacity, but only as president of Wynn Homes, Inc., La Maruja contended that he had no standing to sue in his own name.

## II. A MOTION TO AMEND

Mr. Wynn filed an application with the Tennessee Secretary of State to reinstate Wynn Homes, Inc. as an active Tennessee corporation. He paid several years of back taxes and the required fees, and on December 18, 2007, the corporation was reinstated. Shortly thereafter, on December 27, 2007, Mr. Wynn filed a motion to amend his complaint to add Wynn Homes, Inc. as a party plaintiff. *See* Tenn. R. Civ. P. 15 and 19. La Maruja filed a memorandum in opposition to the motion.

On February 25, 2008, the trial court conducted a hearing on Mr. Wynn's motion to amend, at the conclusion of which it took the matter under advisement. On April 10, 2008, the trial court filed an order denying the motion to amend as well as a memorandum explaining its reasoning. Mr. Wynn then moved the court for permission to file an interlocutory appeal of its order, under Tenn.

---

[1] The claim by the McCourys does not play any part in this appeal.

R. App. P. 9. The trial court granted permission to appeal, and this court concurred, agreeing that "this is an appropriate case for an interlocutory appeal."

### III. Amendment Under the Rules of Civil Procedure

Mr. Wynn contends that the trial court erred in denying his motion to amend, because naming Wynn Homes, Inc. as a plaintiff amounts to a mere "a housekeeping matter," which does not affect the merits of his claim. He cites Rule 15.01 of the Tennessee Rules of Civil Procedure, which permits a party to amend its pleadings once as a matter of course before a responsive pleading is served. Afterwards, "a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; **and leave shall be freely given when justice so requires.**" (Emphasis added).

Mr. Wynn insists that justice requires that he be allowed to amend. Among other things, he cites Rule 19.01 of the Tennessee Rules of Civil Procedure, which mandates the joinder of persons (which includes corporations) whose participation is needed for a just adjudication of the claims at issue. These include persons who claim an interest relating to the subject matter of the action (in this case the real property under contract), and who are so situated "that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest."

For its part, La Maruja contends that the question of whether or not to allow a plaintiff to amend its complaint has long been considered to be within the sound discretion of the trial court, and that the court's decision is not normally reversed unless that discretion has been abused. *Harris v. St. Mary's Medical Center*, 726 S.W.2d 902, 904 (Tenn. 1987); *Newcomb v. Kohler Company*, 222 S.W.3d 368, 384-5 (Tenn. Ct. App. 2006); *Hardcastle v. Harris*, 170 S.W.3d 67 (Tenn. Ct. App. 2004). Our courts have declared, however, that the effect of Rule 15.01's directive that leave to amend shall be freely given "substantially lessens the exercise of pretrial discretion on the part of a trial judge." *Branch v. Warren*, 527 S.W.2d 89, 91-92 (Tenn. 1975); *Hardcastle v. Harris*, 170 S.W.3d at 80-81; *Blocker v. Dearborn & Ewing*, 851 S.W.2d 825, 826 (Tenn. Ct. App. 1992).

Our Supreme Court has set out several factors for the courts to apply, singly or in combination, in determining whether to grant a motion to amend. These include, "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; and the futility of the amendment." *Gardiner v. Word,* 731 S.W.2d 889, 891-92 (Tenn. 1987). *See also Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979). The most important of these factors is "the proposed amendment's potential prejudicial effect on the other party." *Newcomb v. Kohler*, 222 S.W.3d 368, 384 (Tenn. Ct. App. 2006) (citing *Hardcastle v. Harris*, 170 S.W.3d at 81).

The trial court touched on several of the above factors in its memorandum of April 10, 2008. The court found that there was undue delay in filing the motion to amend, even though the record showed that motion was filed shortly after the reinstatement of Wynn Homes, Inc. It also recited the

fact that Mr. Wynn allowed his corporation to go into dissolution but nonetheless signed a contract in the name of the dissolved corporation. The court concluded that "[t]he prejudicial effect, if any, should fall against the plaintiff, Gary Wynn." It did not suggest that the delay in filing had produced any prejudicial effect, nor did it explain in what way La Maruja would be prejudiced if the court allowed Wynn's complaint to be amended.

This court asked La Maruja during oral argument what prejudice it would suffer if the motion to amend was granted. The defendant acknowledged that it did not make much difference either way as regards Wynn's claim for specific performance, since even if we upheld the court's denial of the motion to amend, Wynn could voluntarily dismiss his complaint and simply file a new complaint in the name of Wynn Homes, Inc. Such a complaint would presumably be timely under the six year statute of limitations for contracts "not otherwise provided for." *See* Tenn. Code Ann. § 28-3-109. La Maruja argued, however, that if the amendment were granted it would be compelled to defend against Wynn's claim for fraudulent misrepresentation, while if it were denied, a newly-filed fraud claim might prove to be time-barred.[2]

This court has described the kinds of circumstances when a trial court would be justified in denying a motion to amend a pleading because of prejudice to the opposing party. These include situations when the amendment will cause additional expense and the burden of a more complicated or lengthy trial, when it will require the opposing party to engage in additional pre-trial preparation, when it will unduly increase the discovery required, or when it will unduly delay the trial. *Hardcastle v. Harris*, 170 S.W.3d at 81. None of these apply to the case before us. Simply being forced to defend a pending claim is not normally considered the sort of prejudice that would justify declining a plaintiff's motion to amend a complaint.

## IV. RELATION BACK OF REINSTATEMENT

La Maruja argues on appeal that since Wynn Homes, Inc., was a dissolved corporation at the time the contract of sale was executed, it lacked the capacity to enter into a binding contract. The defendant relies on Tenn. Code Ann. § 48-24-105(a) which describes the effect of dissolution on the rights of a corporation as follows: "A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs."[3] La Maruja thus contends that the contract was void *ab initio,* and suggests therefore that Wynn's motion to amend was rightly denied because the proposed amendment would be futile.

The defendant would be correct if Mr. Wynn had not taken the necessary steps to reinstate the corporate status of Wynn Homes, Inc. We note that Tenn. Code Ann. § 48-24-104(e) and Tenn.

---

[2] It is at least arguable that the three year statute of limitations found in Tenn. Code Ann. § 28-3-105 would apply to Mr. Wynn's fraud claim.

[3] Tenn. Code Ann. § 48-24-105 actually applies to corporations that have been voluntarily dissolved. Tenn. Code Ann. § 48-24-202 contains the same limitation on the action of a dissolved corporation, but applies to corporations that have been administratively dissolved. It appears that Wynn Homes, Inc. was administratively dissolved.

-4-

Code Ann. § 48-24-203(c) govern the rights of corporations that have been dissolved and subsequently reinstated. Both state, "[w]hen the revocation of dissolution is effective, it relates back to and takes effect as of the effective date of the dissolution and the corporation resumes carrying on its business as if dissolution had never occurred."

Similarly, Tenn. R. Civ. P. 15.03 states that an amended pleading normally relates back to the date of the filing of the original pleading. *See also, Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001). Thus, allowing Wynn to amend his complaint would not be a futile exercise, for it would restore the parties to the positions they would have rightly occupied at the commencement of this action, had Wynn Homes, Inc., not been a dissolved corporation at the time.

As our courts have pointed out, "Tennessee law and policy have always favored permitting litigants to amend their pleadings to enable disputes to be resolved on their merits rather than on legal technicalities." *Hardcastle v. Harris*, 170 S.W.3d at 80 (citing *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. 1975)). This case presents a real question as to the respective rights of the parties in a piece of real property after the execution of a contract of sale for that property. We therefore believe that under the circumstances, the trial court should have granted Wynn's motion to amend in light of the Tennessee Rule of Civil Procedure 15.01's directive that amendments will be freely granted when justice so requires.

## IV.

The order of the trial court is reversed and Gary Wynn's Motion to Amend his Complaint is granted. We remand this case to the Chancery Court of Sumner County for further proceedings. Tax the costs on appeal to the appellee, La Maruja Realty Corporation.

_____
PATRICIA J. COTTRELL, P.J., M.S.