IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 2, 2018

**APRIL ELASTER v. GARY MASSEY JR., ET AL.**

**Appeal from the Circuit Court for Hamilton County
No. 15C877  Don R. Ash, Senior Judge**

_____

**No. E2017-00020-COA-R3-CV**

_____

In this legal malpractice case, defendant-attorneys filed a motion for summary judgment alleging that they complied with the applicable standard of care. In response to the summary judgment motion, Appellant failed to offer any expert proof that defendant-attorneys breached the applicable standard of care. Accordingly, the trial court granted summary judgment on this basis. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

April Elaster, Chattanooga, Tennessee, Pro Se.

William S. Walton, Nashville,  Tennessee, for the appellees, Gary Massey, Jr., Massey & Associates, PC, and Danny Ellis.

**OPINION**

**BACKGROUND**

Plaintiff/Appellant April Elaster suffered a work-place injury in 2005. With the help of counsel, Ms. Elaster filed a workers' compensation claim against her employer. Following the withdrawal of her initial attorney, Ms. Elaster retained the services of Defendants/Appellees Gary Massey Jr., d/b/a Massey and Associates, and Danny Ellis (together, "Appellees"). Appellees represented Ms. Elaster from 2009 until 2014. Since 2014, Ms. Elaster represented herself in the workers' compensation proceeding.

On July 20, 2015, Ms. Elaster filed a pro se complaint for legal malpractice against Appellees. Therein, Ms. Elaster alleged that Appellees failed to adequately

represent her in the workers' compensation case. Specifically, Ms. Elaster alleged that Appellees "settled" the workers' compensation case without informing her. Ms. Elaster further alleged that she had no knowledge that a "monetary settlement had been taken on her claim" until she performed her own investigation in July 2014. Appellees filed an answer denying the material allegations in the complaint. The parties thereafter entered into a period of discovery.

After encountering alleged problems obtaining discovery from Ms. Elaster, Appellees filed a motion to compel on November 3, 2015, which motion was eventually granted by the trial court. Additional disputes occurred regarding Ms. Elaster's deposition; the deposition eventually took place on February 22, 2016. Ms. Elaster also submitted written discovery to Appellees on March 9, 2016. Appellees responded on March 25, 2016. Ms. Elaster, however, was unsatisfied with certain responses submitted by Appellees, particularly where Appellees refused to supply certain information on grounds that the information was privileged or irrelevant and unlikely to lead to the discovery of admissible evidence. As such, Ms. Elaster filed several pleadings with the trial court concerning what she alleged were discovery violations by Appellees.

In the meantime, on April 20, 2016, Appellees filed a motion for summary judgment, arguing, *inter alia*, that they had complied with all relevant standards of care in their representation of Ms. Elaster and that Ms. Elaster's claim in her complaint that Appellees had obtained a settlement of Ms. Elaster's workers' compensation claim was patently false. Appellees' motion was accompanied by a statement of undisputed material facts. Therein, Appellees alleged that Ms. Elaster had been twice examined by physicians, neither of whom supported her claim for impairments in the underlying workers' compensation proceeding.[1] Further, Appellees alleged that despite negotiating a settlement for Ms. Elaster's "disputed and doubtful" claim, she later repudiated the agreement and no settlement had ever been entered into by Appellees on behalf of Ms. Elaster with regard to her workers' compensation claim. Finally, Appellees alleged they had never received any "monetary settlement" in connection with their representation of Ms. Elaster and that the representation was terminated in July 2014. Importantly, the statement of undisputed material facts also alleged that both Mr. Massey and Mr. Ellis were familiar with the recognized standard of care with regard to the legal representation at issue and that neither attorney had breached the applicable standard of care. In support

---

[1] With regard to the medical issues, the statement of undisputed facts cited two letters by separate physicians. In one letter, Barry R. Vaughn, M.D. stated that Ms. Elaster's conduct "suggest[s] the possibility of symptom magnification," and opined that she had reached "the maximum medical improvement that I can provide for her." In the second letter, Timothy A. Strait, M.D. stated the following: "The patient has had more than sufficient time to have reached medical improvement. There is no compelling evidence to indicate a permanent anatomic impairment. Furthermore, there are no objective findings to mandate any physical restrictions." Dr. Strait's letter, though on office stationary, was unsigned.

of their assertions regarding the standard of care, Appellees relied on the affidavits of both Mr. Massey and Mr. Ellis.

On May 17, 2016, Ms. Elaster filed a motion to compel discovery, arguing that Appellees had refused to provide requested documents and that Appellees' objections regarding privilege and relevance were not well-founded. Appellees responded in opposition. On May 26, 2016, Ms. Elaster also filed a motion seeking to delay the hearing on the summary judgment motion, noting that she had issued a subpoena to the Tennessee Department of Labor and Workforce Development ("Department of Labor") and that she needed time to review the documents. Again, Appellees opposed Ms. Elaster's request, arguing that the documents at issue were easily obtainable simply by signing a release and that evidence showed that the Department of Labor had already released the relevant documents to Ms. Elaster but that Ms. Elaster had not retrieved the released documents. In a later filing, Ms. Elaster admitted that she was able to obtain her file from the Department of Labor in June of 2016.

On May 31, 2016, Ms. Elaster filed an affidavit in opposition to the motion for summary judgment. Therein, Ms. Elaster asserted that despite Appellees' assertion otherwise, she had never claimed that Appellees received a money settlement and retained the funds without remitting those funds to Ms. Elaster. Ms. Elaster also included certain alleged portions of Mr. Massey's response to a Tennessee Board of Professional Responsibility complaint filed by Ms. Elaster.

The parties appeared as scheduled for the summary judgment hearing on June 6, 2016. At the hearing, the trial court granted Ms. Elaster's request for a continuance. Ms. Elaster thereafter requested that the trial court recuse itself. The trial court later entered an order granting the motion to recuse; the matter was delayed while a new judge was assigned.

On July 11, 2016, Ms. Elaster filed a response to Appellees' statement of undisputed material facts. Therein, Ms. Elaster admitted that no settlement agreement was ever finalized, that she never entered into any settlement agreement with her former employer, that no settlement funds were ever paid, and that both Mr. Massey and Mr. Ellis were familiar with the standard of care required in the underlying workers' compensation case. Ms. Elaster "challenge[d] the validity of" certain allegations that multiple physicians had examined her and opined that she had reached maximum medical improvement and/or that she did not qualify for the assignment of anatomical impairment rating; Ms. Elaster did not cite any specific documents to undermine the alleged conclusions cited by Appellees regarding the medical examinations performed during the pendency of her workers' compensation action. Ms. Elaster also did not dispute that Appellees encouraged her to settle her workers compensation "on a disputed and doubtful basis" or that the attorney-client relationship terminated in July 2014. Ms. Elaster disputed, however, that either Mr. Massey or Mr. Ellis complied with the applicable

- 3 -

standard of care. In support for this dispute, Ms. Elaster cited only to her complaint. On July 22, 2016, Ms. Elaster filed a second motion to compel, arguing that her former employer had failed to supply requested information.

Eventually, on October 4, 2016, Senior Judge Don Ash conducted a hearing on Appellees' motion for summary judgment. Following the hearing, the trial court entered an order granting the motion for summary judgment on the ground that Ms. Elaster failed to provide any qualified expert proof to support her claim. In the order, the trial court ruled that Ms. Elaster's pending motion to compel was rendered moot by the decision. Following the trial court's ruling, Ms. Elaster filed a pleading essentially asking the trial court to reconsider its ruling. Appellees responded in opposition, and Ms. Elaster thereafter filed a reply noting that the trial court had not specifically ruled on her motions to compel discovery. The trial court thereafter conducted a hearing on the pending motions. Ultimately, the trial court entered three orders on December 28, 2016: (1) denying Ms. Elaster's July 2016 motion to compel against her former employer; (2) denying Ms. Elaster's May 2016 motion to compel against Appellees regarding documents that were alleged to have been privileged, subject to the work product exception, or irrelevant and unlikely to lead to the discovery of admissible evidence; and (3) denying Ms. Elaster's motion to alter or amend the judgment. Ms. Elaster thereafter appealed to this Court.[2]

## ISSUES PRESENTED

Ms. Elaster raises three issues in this case, which are taken, and slightly restated, from her brief:

1. Whether the trial court allowed Ms. Elaster adequate discovery pursuant to the Tennessee Rules of Civil Procedure when Appellees were allowed to plead privilege without (1) a privilege log describing which documents were being withheld and/or (2) an explanation of how the documents were privileged.
2. Whether expert testimony is required in a legal malpractice case to establish the standard of care where evidence exists of obvious common sense errors that were made with such frequency and in violation of state regulatory agency rules that meet the exception articulated in ***Blocker v. Dearborn***, 851 S.W.2d 825, 827 (Tenn. 1990).

---

[2] During the pendency of this appeal, Ms. Elaster filed a motion to remand to the trial court so that she could file a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure for relief from the trial court's final judgment. We granted Ms. Elaster's request, but the trial court eventually denied Ms. Elaster's motion.

3. Whether the trial court erred when it failed to consider issues articulated in Ms. Elaster's pleadings identified as elements of legal malpractice and instead narrowly focused on the one issue of the settlement from which she based her decision stating that the other issues were of no consequence.

As we perceive it, however, this appeal involves a single issue: Whether the trial court erred in granting summary judgment in favor of Appellees, resulting in the dismissal of Ms. Elaster's legal malpractice complaint.

## STANDARD OF REVIEW

The trial court in this case granted summary judgment in favor of Appellees. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. On appeal, this Court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)), *cert. denied*, 136 S. Ct. 2452, 195 L.Ed. 2d 265 (2016). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to evidence that shows summary judgment is inappropriate. *Rye*, 477 S.W.3d at 264–65.

## DISCUSSION[3]

---

[3] We note that Ms. Elaster is self-represented in this appeal, as she was in the trial court. We recognize and appreciate Ms. Elaster's right to appear before this Court self-represented. The law is well-settled in Tennessee, however, that pro se litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to

This case involves allegations of legal malpractice. As our supreme court has explained:

> In order to make out a prima facie legal malpractice claim, the plaintiff must show (1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds*, 813 S.W.2d 400, 403 (Tenn. 1991); *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998). As with any tort claim, the plaintiff has the burden of proving each of these elements.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). Moreover,

> Whether a lawyer's conduct meets the applicable professional standards is generally believed to be beyond the common knowledge of laypersons. Thus, except in cases involving clear and palpable negligence, most courts considering the issue have held that cases of legal malpractice cannot be decided without expert proof regarding the applicable standard of care and whether the lawyer's conduct complies with this standard.

*Lazy Seven Coal*, 813 S.W.2d at 406 (quoting *Cleckner v. Dale*, 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986), *abrogated on other grounds by Chapman v. Bearfield*, 207 S.W.3d 736 (Tenn. 2006)); *see also Blocker v. Dearborn & Ewing*, 851 S.W.2d 825, 827 (Tenn. Ct. App. 1992) ("[E]xcept in cases of palpable negligence, expert proof is required to establish the standard and to determine whether the attorney's conduct comports with it.") (citing *Cleckner*, 719 S.W.2d at 540).

Here, Appellees submitted the affidavits of Mr. Massey and Mr. Ellis to support their contention that neither attorney had violated the applicable standard of care. Generally, where "a defendant-attorney presents expert proof that he or she did not breach the duty of care, the plaintiff-client must present rebuttal expert proof that a breach of care did occur in order to create a genuine issue of material fact." *Strong v. Baker*, No. M2007-00339-COA-R3-CV, 2008 WL 859086, at *7 (Tenn. Ct. App. Mar. 31, 2008) (citing *Bursack v. Wilson*, 982 S.W.2d 341, 343-45 (Tenn. Ct. App. 1998)). Ms. Elaster agreed that the attorneys were knowledgeable regarding the standard of care but denied that they had complied with the applicable standard in this case. To rebut the

observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted)).

affidavits of the attorneys, however, Ms. Elaster only cited her complaint. Where a properly supported motion for summary judgment has been filed, the Tennessee Supreme Court has described the non-movant party's burden as follows:

> [A]ny party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 265. Thus, a party opposing summary judgment cannot simply rely on the allegations made in his or her complaint but must present specific evidence showing a material issue of fact. *Id.* (citing Tenn. R. Civ. P. 56.06). Here, in the face of Appellees' properly supported motion for summary judgment, Ms. Elaster failed to present any expert proof to support her allegation that the standard of care was violated by Appellees in this case. Instead, Ms. Elaster chose to rely solely on the allegations in her pleading to support her claim. Except in unusual circumstances, discussed *infra*, without competent expert proof regarding the standard of care, a legal malpractice claim must fail. *See Lazy Seven Coal Sales*, 813 S.W.2d at 406.

Ms. Elaster argues, however, that expert proof to establish the standard of care was not necessary in this case because this case involves obvious and palpable errors for which no expert proof is required, citing *Blocker v. Dearborn & Ewing*, 851 S.W.2d at 827. *See also Strong*, 2008 WL 859086, at *7 (noting that expert proof may be excused in the "extreme case[]" where there are "allegations of obvious negligence"). To support

this assertion in her brief, Ms. Elaster cites a letter sent by the attorney for her former employer to the Department of Labor on March 3, 2017, opposing Ms. Elaster's request for mediation in the workers' compensation administrative action. According to Ms. Elaster, the statements contained in the letter show "a lack of diligence" by Appellees.[4] We note that this letter was first presented to the trial court in Ms. Elaster's motion under Rule 60.02 following remand from this Court. The trial court denied the Rule 60.02 motion, however, and Ms. Elaster has not designated the denial of her Rule 60.02 motion as an issue in this appeal. As such, any issues concerning the trial court's failure to revise its judgment based upon Ms. Elaster's purported newly discovered evidence is waived. *See generally* **Childress v. Union Realty Co.**, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (holding that issues may not be raised where they are not designated as issues on appeal).

Even considering these statements, we cannot conclude that they establish such palpable or common sense errors that would negate the requirement of expert proof in this case. Importantly, Ms. Elaster cites no law to suggest that delays or similar errors as alleged in this case constitute the type of palpable errors for which expert proof would be excused. Indeed, other cases have come to opposite conclusions. For example, in **Moffitt v. Smith,** No. 02A01-9705-CV-00095, 1998 WL 70648 (Tenn. Ct. App. Feb. 23, 1998), the plaintiff alleged that his former attorney "was inadequate in every stage of the matter-pre-trial, trial, and appellate." *Id.* at *4. The Court of Appeals held, however, that "[u]ndoubtedly, these are not matters within the common knowledge of a layperson." *Id.* Similarly, in **Strong v. Baker**, No. M2007-00339-COA-R3-CV, 2008 WL 859086 (Tenn. Ct. App. Mar. 31, 2008), the plaintiff alleged "numerous allegations concerning supposed improprieties on the part of [the former attorney]." *Id.* at *7. We concluded, however, that these "allegations relate[d] to matters of substantive and procedural law as well as litigation tactics and strategy." *Id.* "The appropriateness or legality of these actions" was therefore "not within the knowledge of most nonlawyers." *Id.*; *see also* **Rose v. Welch**, 115 S.W.3d 478, 480, 485 (Tenn. Ct. App. 2003) (holding that allegations of "failure to investigate and develop [the] case" were not the type of allegations that are within the common knowledge of laymen).

The same is true of this case. Here, in addition to the lack of diligence asserted by Ms. Elaster in her brief, Ms. Elaster's complaint alleges various allegations of professional negligence against Appellees, including "failing to disclose" the alleged

---

[4] Ms. Elaster appears to assert that the statements by her former employer's attorney "should be recognized by this Court" as the necessary expert proof in this case. Setting aside the fact that this evidence was not presented during the summary judgment stage of litigation, *see Rye*, 477 S.W.3d at 265, we note that nowhere in the statement presented by Ms. Elaster does the attorney state that Appellees breached the applicable professional standard of care in their representation of Ms. Elaster. As such, even if we were inclined to consider a late-filed, unsworn statement from an attorney who does not appear to have consented to provide expert proof in this case, the statement from Ms. Elaster's former employer's counsel does not rebut Appellees' affidavits indicating that they complied with the applicable standard of care.

settlement, "failure[] to investigate[,]" failing to provide "full and accurate communications[,]" and failure to provide "competent legal advice[.]" In her brief, Ms. Elaster asserts that these actions violated various Rules of Professional Conduct applicable to Tennessee attorneys regarding competence, informed consent, and communication. Notwithstanding the alleged settlement of the workers' compensation claim, which Ms. Elaster now admits did not occur, none of these allegations or the other allegations made against Appellees in this case involve the type of palpable negligence necessary to fall into the exception to the expert proof requirement. *See Garner's Dictionary of Legal Usage* 335 (3d ed. 2011) (describing "palpable" as a near synonym of "evident" meaning "what is easily noticed or readily comprehended"). Indeed, other courts have held that allegations of professional negligence resting on rules of professional conduct did not fall within the knowledge of lay jurors. *See **Ball ex rel. Hedstrom v. Kotter***, 746 F. Supp. 2d 940 (N.D. Ill. 2010) (holding that jurors' lay knowledge would not necessarily have extended to professional conduct rules governing conflicts of interest and controlling case law); *see also **Carlson v. Morton***, 229 Mont. 234, 236, 745 P.2d 1133, 1135 (Mont. 1987) (holding that reference to rules of professional conduct are not sufficient to show a violation of the standard of care in the absence of expert proof). Indeed, the Tennessee Supreme Court has stated that while the Rules of Professional Conduct are not irrelevant in determining the standard of care, "in a civil action charging malpractice, the standard of care is the particular duty owed the client under the circumstances of the representation, which may or may not be the standard contemplated by the [Rules of Professional Conduct]." ***Lazy Seven***, 813 S.W.2d at 405. Thus, the need for expert proof arises from the fact that "'[t]he standard of care applicable to a particular case will vary depending upon the type of legal activity involved.'" ***Id.*** at 406 (quoting ***Cleckner***, 719 S.W.2d at 540 n.4).

Here, Ms. Elaster alleges that she suffered harm as a result of Appellees' lack of diligence and delay throughout the workers' compensation representation. The undisputed facts show, however, that despite a "disputed and doubtful" claim, Appellees obtained a settlement of Ms. Elaster's workers' compensation claim, that she, as was her right as the client, refused to accept that settlement, and that the attorney-client relationship was thereafter severed. Whether Appellees' alleged lack of diligence, delay, and failure to investigate constitutes a breach of the standard of care based upon these particular facts is not within the common knowledge of laymen. The allegations at issue, even if taken as true, are simply not of the "extreme" or obvious type necessary to warrant an exception to the expert proof requirement.[5] *See **Strong***, 2008 WL 859086, at *7. As such, expert proof was required. The trial court's decision to grant summary judgment on this basis is therefore affirmed.

---

[5] We express no opinion as to whether these allegations, if proven, constitute professional negligence. Rather, we simply conclude that expert proof was required to show that these allegations constitute a breach of the standard of care applicable to the legal representation in this case.

- 9 -

Finally, Ms. Elaster argues that the trial court erred in granting summary judgment where she was not afforded appropriate discovery, specifically with regard to her contention that Appellees should not be allowed to rely on the claimed privilege of certain documents in the absence of a privilege log and/or an explanation of how the documents were privileged. Here, Ms. Elaster filed two motions to compel prior to the grant of summary judgment in favor of Appellees, as well as essentially a renewal of those motions post-judgment. The trial court ruled that the pre-judgment motions to compel were rendered moot by the grant of summary judgment, but later considered the substantive merits of the motions after Ms. Elaster's post-judgment motion. The trial court, however, again denied the motions.

A request for additional discovery is an appropriate way to respond to a motion for summary judgment. According to the Tennessee Supreme Court, a non-moving party may thwart summary judgment by "submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). As we have explained:

> The interest in full discovery, however, must be balanced against the purpose of summary judgment: "[to] provide[ ] a quick, inexpensive way to conclude cases when there exists no dispute regarding the material facts." *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 13 (Tenn. 2008) [*overruled on other grounds by Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015)]. Indeed, "[t]he philosophy of summary judgment is to avoid a needless trial in a case where, although the pleadings may indicate disputes over factual issues, facts outside the pleadings if known would clearly show that there is 'no genuine issue as to any material fact.'" *Id.* at 12 (quoting Donald F. Paine, *Recent Developments in Tennessee Procedure: The New Tennessee Rules of Civil Procedure*, 37 Tenn. L.Rev. 501, 516 (1970)).

*Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 537 (Tenn. Ct. App. 2012). As such, we have held that the trial court did not err in granting summary judgment where the party failed to file an affidavit requesting additional time for discovery or failed to put forth an argument as to how the discovery responses would assist the non-moving party in arguing the summary judgment motion. *Id.* Thus, "a trial court's decision to deny additional time for discovery, in order for the non-moving party to meet summary judgment, 'must be viewed in the context of the issues being tried and the posture of the case at the time the request for discovery is made.'" *Id.* at 537–38 (quoting *Regions Financial Corp. v. Marsh USA, Inc.,* 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009)). Consequently, "a trial court only errs in refusing to grant additional time for discovery prior to the hearing on a motion for summary judgment when the non-moving party can show that 'the requested discovery would have assisted [the non-moving party] in

- 10 -

responding to [the moving party's] motion for summary judgment.'" *Cardiac Anesthesia*, 385 S.W.3d at 538 (quoting *Regions*, 310 S.W.3d at 401).

Although Ms. Elaster filed an affidavit in response to the summary judgment motion on May 31, 2016, the affidavit does not request additional discovery, nor does it describe how additional discovery is necessary to respond to the pending summary judgment motion.[6] Likewise, Ms. Elaster fails to state in her brief to this Court how the lack of a privilege log and explanation of how the documents were privileged would have assisted her in responding to the motion for summary judgment. Indeed, from our review of the contentions on this issue in Ms. Elaster's appellate brief, we fail to discern how Ms. Elaster's inability to obtain details regarding certain allegedly privileged documents had any effect on Ms. Elaster's failure to provide expert proof in this matter. Given that Ms. Elaster has failed to illuminate to this Court how these documents would have assisted her in responding to the summary judgment motion, which was ultimately granted on the basis of Ms. Elaster's lack of expert proof, we cannot conclude that the trial court erred in granting summary judgment in these circumstances. *See* Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.").

## CONCLUSION

The judgment of the Circuit Court of Hamilton County is affirmed and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant April Elaster, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

_____

[6] Ms. Elaster also filed a motion asking for an extension of time to obtain discovery on May 26, 2016. The motion asked for an additional sixty days to obtain discovery. The summary judgment motion eventually granted by the trial court was not heard until October 4, 2016, more than sixty days following this request. Additionally, this motion was not filed in the nature of an affidavit, nor does it specifically describe why the requested documents were necessary to respond to Appellees' motion for summary judgment. Finally, we note that one basis for the motion was that Ms. Elaster was awaiting documents subpoenaed from the Department of Labor. Ms. Elaster admitted in the trial court, however, that she obtained her Department of Labor file shortly following the filing of this motion, in June 2016.